Lewis KING, Bobby Coatney, Maurice Taylor, Anthony Carter, Eugene Wilson and Carl Minot, Individually and on behalf of the class of others similarly situated,

v.

PEPSI COLA METROPOLITAN BOTTLING COMPANY.

Civ. A. No. 78–4365.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Oct. 19, 1979.

Roland J. Atkins, Philadelphia, Pa., for plaintiff.

John H. Leddy, Philadelphia, Pa., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an action brought originally by plaintiffs on behalf of themselves and the class they purport to represent, alleging both specific and general practices of racial discrimination against their employer, Pepsi Cola Metropolitan Bottling Company ("Pepsi"). In an order of March 23, 1979, this court dismissed plaintiffs' claims for relief under the Thirteenth and Fourteenth Amendments, as well as the claims of each plaintiff as individually named plaintiffs under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000e et seq. The remaining claims allege a right to relief under Section 2 of the Civil Rights Act of 1866, 42 U.S.C. Section 1981.

Defendant has filed a motion in the alternative seeking a severance of the plaintiffs or separate trials before a separate jury for each plaintiff, which, of course, is the same as a severance. Defendant asserts that since the plaintiffs did not move for a class action determination within the ninety (90) day period after the filing of the complaint, as prescribed by Rule 45 of the Local Rules of the United States District Court for the Eastern District of Pennsylvania, plaintiffs are left with only their individual claims for relief under 42 U.S.C. Section 1981. (Defendant's Motion for Severance or Separate Trials, pp. 1–2).

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in an action "if they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and presenting any question of law or fact common to all the persons to be joined. This requirement is cumulative in nature, that is, both the common question and the same transaction portions must be satisfied. Rule 21 of the Federal Rules of Civil Procedure gives the court the power to remedy the misjoinder of parties, either on motion of any party or on its own initiative, by order that a party be dropped or added or that the claim against any party should be severed and proceeded with separately.

The question of what constitutes the same transaction or occurrence or series thereof arises here. This court recognizes the policy favoring the broadest possible scope of action consistent with fairness to the parties, strongly encouraging joinder of parties, claims and remedies, which was defined by the United States Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966). In *Mosley v. General Motors Corporation*, 497 F.2d 1330 (8th Cir. 1974), the court upheld the joinder of ten plaintiffs who had alleged a general policy of discrimination against Negroes by General Motors and two of its divisions, Chevrolet and Fisher Body. The Court looked to the construction given to "transaction or occurrence" under Federal Rule of Civil Procedure 13(a), finding that the connection of events depended not on their immediateness in time but rather on their logical relationship to each other. Under Rule 13, all "logically related" events entitling a person to institute legal action against another constitutes a transaction or occurrence. Applying this interpretation by analogy to Rule 20(a), the *Mosley* court reasoned that the Rule would permit all

**6**

"reasonably related" claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. *Mosley, supra* at 1333. *See also, Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D. Pa.1978).

Here, plaintiffs' complaint alleges that specific instances of discrimination occurred against each of named plaintiffs as well as a general and pervasive corporate policy of discrimination by Pepsi against blacks. Thus, the allegations of a pervasive policy of discrimination by Pepsi would bring the complaints of the individual plaintiffs under the rubric of the "same series of transactions". The failure of the plaintiffs to seek a class designation does not preclude them from proving that Pepsi discriminates as a matter of policy. Each plaintiff alleges that he is the victim of a pervasive corporate policy of discrimination and raises the common factual question of whether such a policy does indeed exist.

The complaint alleges that plaintiffs, King, Carter, Wilson and Taylor all were assigned to the production unit at Pepsi's Northeast Philadelphia plant and were all either directly or indirectly under the supervision of Cliff Rissell, a Pepsi employee. Plaintiff Minot, although assigned to the engineering unit, was assigned to set up production equipment at the Northeast plant, and it was here that Minot allegedly encountered harassment from the same Cliff Rissell. Even though proof of the discrimination will involve the various work records of each plaintiff, there will also be a substantial overlap in the evidence presented. Since these five plaintiffs worked in the same unit, many of the witnesses who will testify as to conditions within the unit and also to the individual instances alleged by each will be the same. Further, each plaintiff alleges that Cliff Rissell played an integral role in carrying out the alleged discriminatory company policy. It follows, then, that each of the five will present evidence concerning Rissell's activities. The court can economically and expeditiously hear this evidence in one trial. The dangers of jury confusion are no greater here than in any other case. The claims here are not so diverse and multiple, centered as they are around a central theme of a company discriminatory policy, that a reasonable jury cannot segregate the evidence and decide the separate claims.

Plaintiff Bobby Coatney presents a different situation, since he was assigned to a separate department within the company with different supervisors. It is conceded that his case will involve evidence different from the others in some respects. However, his claim is united with the others by the allegations of a company policy of discrimination. For the convenience of the parties and in the interests of judicial economy, Coatney's claim should also be tried with the other five named plaintiffs.

For these reasons, then, defendant's motion to sever parties or for separate trials will be denied.