**Chloe KOLOSKY and Mary Nicodemus, Plaintiffs,**

v.

**ANCHOR HOCKING CORPORATION, Defendant.**

**Civ. A. No. 83–236.**

United States District Court, W.D. Pennsylvania.

Dec. 30, 1983.

Kenneth J. Yablonski and Lawrence R. Chaban, Washington, Pa., for plaintiffs.

Henry J. Wallace, Jr., and Robert F. Prorok, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

In this Title VII action, plaintiffs, Chloe Kolosky and Mary Nicodemus, sue defendant, Anchor Hocking Corporation. Jurisdiction is vested in this Court pursuant to Title VII of the Civil Rights Act and pendent jurisdiction. The complaint, which contains three counts, alleges that the defendant has engaged in unlawful employment practices and that plaintiffs have exhausted their administrative remedies by filing simultaneous charges with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") within the prescribed time period.

Count I alleges that plaintiffs were employed by the defendant at its Connellsville plant. According to the plaintiffs, on January 28, 1982, plaintiff Kolosky was demoted and plaintiff Nicodemus was discharged on the basis of sex. The plaintiffs allege that the demotion and discharge occurred as a result of defendant's policy to discriminate against individuals with respect to compensation, terms, conditions, or privileges of employment and to deprive individuals of employment opportunities or otherwise adversely affect an individual's status as an employee on the basis of sex. Count II is a proceeding for a declaratory judgment in connection with plaintiffs' rights and for a permanent injunction to restrain defendant from maintaining a policy, practice, custom, or usage of discriminating against plaintiffs and other female persons because of sex. Count III is a pendent state claim for wrongful discharge filed by plaintiff Nicodemus.

On the basis of these three counts, plaintiffs request the following relief: (1) reinstatement with all attendant income, benefits, and seniority; (2) an award of all lost income, benefits, and seniority to which plaintiffs would have been entitled if not discriminated against; (3) a declaratory judgment, declaring that defendant's practices violated Title VII; (4) a permanent injunction to prevent defendant from engaging in such conduct in the future; (5) an immediate assignment of plaintiffs to those positions that they would now be occupying if defendant had not engaged in discriminatory practices, and an adjustment of wages, rates, salaries, bonuses, and benefits for the plaintiffs that they would be enjoying if the defendant had not engaged in the discriminatory practices; and (6) an award of attorney's fees and costs in this litigation.

■ Plaintiffs have moved to join an additional defendant in this action, namely Anchor Glass Container Corporation (hereinafter referred to as "Anchor Glass"), the successor corporation to the defendant. According to the plaintiffs' motion, the present defendant owned Plant No. 5, the facility at which the alleged sex discrimination occurred, at the time that the discrimination allegedly occurred. On June 24, 1983, defendant sold Plant No. 5, its glass container plant, to Anchor Glass. Anchor Glass has continuously owned and operated Plant No. 5 from June 24, 1983 through the present time. Plaintiffs seek to join Anchor Glass as a defendant in this case for the purpose of obtaining prospective injunctive relief against the successor corporation in the form of an order prohibiting it (Anchor Glass) from discriminating against the

plaintiffs in the future.[1] For the reasons set forth below, the Court grants plaintiffs' motion.

■ Permissive joinder of defendants is governed by Fed.R.Civ.P. 20(a).[2] In *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the United States Supreme Court stated that joinder of parties should be "strongly encouraged." Several courts in this circuit have interpreted the joinder rule to permit very liberal joinder. *Gruening v. Sucic*, 89 F.R.D. 573, 574 (E.D.Pa.1981); *King v. Pepsi Cola Metropolitan Bottling Co.*, 86 F.R.D. 4, 5 (E.D.Pa.1979); *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 661 (E.D.Pa.1978). It is important to note that in joining a defendant, the plaintiff need not seek the same relief against each defendant. *Gruening*, 89 F.R.D. at 574. These principles, in addition to the law set forth *infra*, guide the Court in its review of plaintiffs' motion.

■ As stated above, plaintiffs seek to join the successor corporation as a defendant in order to achieve complete relief. Defendant opposes plaintiffs' motion on two bases as follows: (1) that the agreement of sale between the defendant and the successor corporation protects the successor corporation from any such liability; and (2) that the plaintiffs can obtain complete relief from the present defendant. Neither of defendant's contentions are persuasive. As to the first contention—that the agreement of sale protects the successor corporation from any liability—the Sixth Circuit stated, in *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091

(1974), that "[f]ailure to hold a successor employer liable for the discriminatory practices of its predecessor could emasculate the relief provisions of Title VII by leaving the discriminatee without a remedy or with an incomplete remedy." Thus, it would be contrary to the purpose of Title VII to permit a successor employer to hide behind a provision in the sales agreement, since in this case only the successor corporation can provide the prospective relief requested. Moreover, the Court questions the defendant's standing to raise this point because any protective clause in the sales agreement serves to protect the successor corporation and not the present defendant. Once joined, the successor corporation can assert any such protective clause as a defense. Defendant's second contention— that plaintiff can obtain complete relief from the present defendant—also lacks merit. The present defendant in this case cannot provide complete relief because it would be a meaningless gesture for the Court to order the present defendant to refrain from discriminating on the basis of sex in the future when the present defendant no longer owns the employment place in question; only the successor corporation can provide the requested prospective relief. However, this does not automatically mean that the Court should grant the plaintiffs' motion. Rather, there are certain considerations that the Court must undertake, which are discussed in more detail below, before it can grant a motion for leave to join a successor corporation as an additional defendant.

---

1. A successful plaintiff is entitled to future injunctive relief under Title VII. 42 U.S.C. § 2000e–5(g). *See Gurmankin v. Costanzo*, 626 F.2d 1115, 1121 (3d Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 352 (1981) (Title VII is intended to eliminate the discriminatory effects of the past as well as bar like discrimination in the future); *Rosen v. Public Service Electric and Gas Co.*, 477 F.2d 90, 95–96 (3d Cir.1973) (grant of authority under Title VII should be construed broadly and applied in a fashion that effectively terminates the discriminatory practice and makes the victim whole).

2. Fed.R.Civ.P. 20(a) provides in pertinent part as follows: "All persons ... may be joined in

one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

It should first be noted that the controversy over the joinder of the successor corporation in this case stems from the fact that the successor corporation was not named as a party defendant at the proceeding at the administrative agency level, which was a prerequisite to the filing of this suit. *See* 42 U.S.C. § 2000e–5(f)(1). The major case addressing the question of whether a successor corporation can be joined as a defendant in a Title VII action when it was not named as a party defendant at the EEOC level is *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir.1974). In that case, the Sixth Circuit determined that the joinder of a successor corporation under certain circumstances depends on whether there is a "substantial continuity of identity" between the successor corporation and the predecessor corporation.[3] The Sixth Circuit set forth nine factors for a court to consider in determining whether the successor corporation should be joined as a defendant. Those considerations are as follows:

1. whether the successor company has notice of the charge,

2. the ability of the predecessor to provide relief,

3. whether there has been a substantial continuity of business operations,

4. whether the new employer uses the same plant,

5. whether he uses the same or substantially the same work force,

6. whether he uses the same or substantially the same supervisory personnel,

7. whether the same jobs exist under substantially the same working conditions,

8. whether he uses the same machinery, equipment, and methods of production, and

9. whether he produces the same product.

*Id.* at 1094. *See also Trujillo v. Long Horn Manufacturing Co., Inc.*, 694 F.2d 221, 224 n. 3 (10th Cir.1982); *Slack v. Havens*, 522 F.2d 1091, 1094–1095 (9th Cir. 1975). "No one of these factors is controlling; the court must look at all of them along with any others that present themselves in the case before it, and it must make its decision by balancing the interests of the plaintiff and the national policy of abhorrence toward employment discrimination against the interests of the successor [corporation] ...." *Brown v. Evening News Association*, 473 F.Supp. 1242, 1245 (E.D.Mich.1979). The Court now proceeds to apply these factors to the case at hand.

There is nothing of record to establish an answer to the first consideration; that is, there is nothing contained in the record of this case to establish whether the successor company had notice of the charge. However, considerations 2 through 9 weigh heavily in favor of granting plaintiffs' motion. It is clear that the original defendant cannot provide the prospective relief requested in this case because it no longer has control over plaintiffs' place, or former place, of employment. Further, plaintiff Kolosky, who worked at Plant No. 5 before the sale to the successor corporation and has continued to work there after the sale of Plant No. 5, has filed an affidavit of record in this case. *See* amended motion to join additional defendant, affidavit attached (docket entry No. 55). That affidavit states that, after the acquisition of Plant No. 5 by the successor corporation, there has been a substantial continuity of business operations; the new employer uses the same plant; the new employer uses substantially the same work force; the new employer uses substantially the same supervisory personnel; the same jobs exist under substantially the same working conditions; the same machinery, equipment,

---

**3.** In the *MacMillan Bloedel* opinion, the Sixth Circuit surveyed the development of the successor employer doctrine in the labor context and decided that the same policy considerations mandate the application of the doctrine to reme-dy violations of Title VII. Accordingly, the Sixth Circuit adopted the considerations applicable to the labor cases involving the successor employer doctrine for Title VII actions. These considerations are discussed *infra.*

and methods of production are used; and the successor corporation produces the same product. There is nothing of record to refute these contentions;[4] therefore, the Court accepts them in granting plaintiffs' motion.

In concluding, the Court emphasizes that it is appropriate to join the successor corporation only if the predecessor corporation cannot grant complete relief. *See Howard Johnson Co., Inc. v. Detroit Local Joint Executive Board, Hotel & Restaurant Employees & Bartenders International Union, AFL–CIO*, 417 U.S. 249, 257, 94 S.Ct. 2239, 2240, 41 L.Ed.2d 46 (1974). The Court finds that plaintiffs cannot gain complete relief in the absence of joinder here, and the nine considerations of the *MacMillan Bloedel* decision weigh heavily in favor of granting plaintiffs' motion.

An appropriate Order will be issued.

---

4. The defendant has filed two affidavits in connection with the motion (*see* affidavits of Donald J. Liebert (docket entry Nos. 39 and 55)), which state that the agreement of sale contained a clause to protect the successor corporation from such liability and that the sale was an arm's length, bona fide transaction. However, neither affidavit addresses the *MacMillan Bloedel* considerations or refutes plaintiffs' affidavit.