**Rufus MACK, Jean Baldwin, Edward Montgomery and Jacqueline Jones, Plaintiffs,**

v.

**J.C. PENNEY COMPANY, Defendant.**

**No. CV585–023.**

United States District Court, S.D. Georgia, Waycross Division.

July 29, 1985.

---

Amanda Williams, Brunswick, Ga., Fletcher Farrington, Louisa Abbott, Savannah, Ga., for plaintiffs.

James Allan Smith, J. Thomas Kilpatrick, Daniel S. Bowling, III, Nelle M. Funderburk, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Before the Court is the defendant's motion for reconsideration of the Court's Order of June 20, 1985. In that Order, the Court granted plaintiff Rufus Mack's motion to delete his class action allegations in this employment discrimination action. Plaintiff also was permitted to add a claim under 42 U.S.C. § 1981 to his Title VII claim and to join other plaintiffs to this action. *See* 7 Wright & Miller, Federal Practice and Procedure: Civil § 1656 (1972 & 1985 supp.) (Joinder of Plaintiffs).

Arguing that the claims of the additional plaintiffs do not arise out of the same transactions or series of occurrences or involve common questions of law and fact as those of Rufus Mack, defendant opposes the joinder under Fed.R.Civ.P. 20. More specifically, defendant asserts that Mack's allegations are founded on a discriminatory discharge from employment with defendant, while the additional plaintiffs are either currently employed or have never been employed with defendant.

In response, plaintiff Mack contends that defendant has misinterpreted Rule 20; that absolute identity of all events or occurrences between the four plaintiffs is unnecessary; that the fact that plaintiffs all allege that they are victims of a pervasive policy of discrimination necessarily raises the common factual question of whether a policy exists; and that joint discovery and trial will be of convenience to the Court, plaintiffs *and* the defendant.

It is true that distinctions exist between the plaintiffs insofar as one has been discharged, two have not been hired and one remains employed by defendant. It is also true, however, that *all* plaintiffs attack the alleged employment of a *uniform* policy of racial discrimination in the hiring, firing and promotion of black individuals in defendant's Waycross store. Amended Complaint at 3, ¶ 9. *See, e.g., Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974); *King v. Pepsi Cola Metropolitan Bottling Co.*, 86 F.R.D. 4 (E.D.Pa.1979);

*see also United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965) (joinder of defendant registrars proper under Rule 20 where they allegedly maintained a state-wide system designed to enforce voting registration laws in a way that would deprive blacks of the right to vote solely on the basis of their color).

In *King*, five plaintiffs were employees who worked in the same unit at a Pepsi plant and were directly or indirectly supervised by an employee who allegedly carried out the discriminatory company policy. The *King* court found significant the fact that "[e]ven though proof of discrimination will involve the various work records of each plaintiff, there will also be a substantial overlap in the evidence presented." 86 F.R.D. at 6. Each of the five plaintiffs would be expected to present evidence concerning the supervisor's role in carrying out the alleged discriminatory policy. Thus, joinder was proper because "[t]he claims ... [were] not so diverse and multiple, centered as they are around a central theme of a company discriminatory policy, that a reasonable jury [could not] segregate the evidence and decide the separate claims." *Id.*

In the instant case, a uniform discriminatory policy appears to be alleged, although the plaintiffs did not work together as in *King*. Relatedly, the sixth plaintiff in *King* had been assigned to a separate department within the company with different supervisors. Nevertheless, "his claim [was] united with the others by the allegations of a company policy of discrimination." *Id.* For that reason, in addition to the convenience of the parties and the interests of judicial economy, his claim also was joined. *Id.* This reasoning comported with the conclusion in *Mosely, supra*. In *Mosley*, each action was based on the claimed denial of union and employer-granted rights due to an alleged company-wide policy of racial discrimination. The acts alleged in that case included discrimination in hiring, firing and promotion in two different divisions of the company. The Eighth Circuit held that the plaintiffs met the specific requisites of Rule 20(a).

The amended complaint in this case does not inform the Court of facts necessary for it to conclude whether the claims are "reasonably related" and bear a logical relationship to each other. There are specified, for example, no times within which the alleged discriminatory acts were committed against the additional plaintiffs. Nor whether the same employee(s) of the defendant was involved in implementing the alleged discriminatory policy. Nevertheless, for the moment it is sufficient for maintaining the joinder thus far permitted by the Court. *Mosely, supra.* The consolidation of discovery and pleadings will benefit both the parties and the Court.

Accordingly, the defendant's motion for reconsideration of this Court's Order of June 20, 1985 is DENIED. Following discovery, however, the Court will entertain defendant's renewed motion should the evidence show that joinder is improper.