4. The deposition of James Bruder, Jr. is to be conducted no later than **Tuesday, May 22, 2001.**

James C. **MILLER**, Ralph Brown, Vincent Gray, Charles Knight, Michael Jones, Harold G. Williams, Jerry Hemingway, Barry C. James and Dwayne Jackson, Plaintiffs,

v.

**HYGRADE FOOD PRODUCTS CORPORATION, and Sara Lee Corporation, Defendants.**

No. CIV. A. 99–1087.

United States District Court, E.D. Pennsylvania.

May 11, 2001.

Stephen A. Whinston, Berger & Montague, P.C., Philadelphia, PA, Cynthia L. Butler, Butler and Spears, Washington, DC, Robert T. Vance, Jr., Philadelphia, PA, for plaintiffs.

Howard A. Rosenthal, Pelino & Lentz, P.C., Philadelphia, PA, Patrick J. Doran, Pelino & Lentz, Philadelphia, PA, S. Craig Moore, Constangy, Brooks and Smith, Nashville, TN, William A. Blue, Jr., Angela Marie Hubbell, Constangy, Brooks & Smith, LLC, Nashville, TN, for defendants.

### MEMORANDUM

REED, Senior District Judge.

Presently before this Court is the motion by defendant Hygrade Food Products Corporation ("Hygrade") to sever plaintiffs' claims into separate lawsuits to be heard in separate trials, (Document No. 69), pursuant to Federal Rules of Civil Procedure 20(a), 21, and 42(b). Plaintiffs James C. Miller, Ralph Brown, Vincent Gray, Charles Knight, Michael Jones, Harold G. Williams, Jerry Hemingway, Barry C. James and Dwayne Jackson filed this law suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging race discrimination. For the reasons set forth below, the motion will be denied.[1]

### I. Background

Sara Lee Corporation is the parent corporation of Hygrade which employs approximately 300 employees at its Philadelphia facility, approximately 58% of whom are minorities. Hygrade produces and packages hot dogs, bacon and ham at its Philadelphia facility. Nine current employees at Hygrade's Philadelphia facility initiated this lawsuit alleging that Hygrade has engaged in a continuous pattern and practice of race discrimination and racial harassment. Specifically, plaintiffs allege that Hygrade's employment decisions across the board are determined in a highly subjective manner at the hands of a small, virtually entirely non-Black, central group of people. Plaintiffs further allege that Hygrade condones and perpetuates a racially hostile work environment. Plaintiffs describe discrimination against African–Americans in different job categories and in different forms. Many of the factual allegations describe situations in which African–American employees were treated differently than similarly situated white employees. This Court denied plaintiffs' renewed motion for class certification (Document No. 84) and now decides whether to grant defendant's motion to sever.

### II. Analysis

Federal Rule of Civil Procedure 20(a) governs permissive joinder and provides in relevant part: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative

---

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all these persons will arise in the action."[2]   Fed.R.Civ.P. 20(a) (emphasis added).   Thus, plaintiffs must show both that their claims arise out of the same transaction(s) or occurrence(s) *and* that a question of law or fact common to all joined parties will arise.  *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, MDL 1014, 1995 WL 428683, at *1 (E.D.Pa. July 17, 1995).

■  The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits."   7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 395 (3d ed.2001); *see also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974).  Permissive joinder falls within the Court's sound discretion and is to be liberally granted; "[u]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Courts generally apply a case-by-case approach in determining whether a particular factual situation meets the same transaction or occurrence test.  *See* 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1653 at 409 (3d ed.2001); *Mosley*, 497 F.2d at 1333.  The test mirrors the one applied under Federal Rule of Civil Procedure 13(a), under which " 'Transaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship.*' "  *Mosley*,

497 F.2d at 1333 (emphasis added) (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926)); *see also In re University Med. Ctr.*, 973 F.2d 1065, 1086 (3d Cir.1992) (recognizing logical relationship test under Rule 13(a)).  Identifying each event is not demanded.  *See Mosley*, 497 F.2d at 1333; *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, at 6 (E.D.Pa.1979)

■  Here, plaintiffs allege that Hygrade employs a subjective decision making policy designed to discriminate against African–American employees.  All of the specific incidences of discrimination flow from this general policy, or pattern and practice, and therefore are logically related and arise out of the same series of transactions or occurrences.   *See A.M. Alexander v. Fulton County Georgia*, 207 F.3d 1303, 1323–24 (11th Cir.2000) (determining that plaintiffs who brought suit for allegedly discriminatory employment decisions in a wide range of areas met same transaction or occurrence test); *Mosley*, 497 F.2d at 1333–34 (determining that company wide policy of alleged discrimination constituted same transaction or occurrence);[3] *Fong v. Rego Park Nursing Home*, 1996 WL 468660, at *3 (E.D.N.Y. Aug.7, 1996) (determining that plaintiffs who held different positions and were terminated at different times under different circumstances shared the same transaction or occurrence of "intense scrutiny and strict punishment."); *In re Orthopedic Bone Screw Prod.*, 1995 WL 428683, at *2 (noting that the same transaction or occurrence query is met where plaintiffs are injured at same company and by same employer); *King*, 86 F.R.D. 4, at 5–6 (determining that central theme of discriminatory policy meets test).  Thus the plaintiffs have met the first joinder requisite under Rule 20(a).

**2.** Federal Rule of Civil Procedure 21 provides that: "Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."  While Rule 21 is silent as to the actual grounds for misjoinder, it is generally accepted that parties are deemed misjoined when

they fail to satisfy Rule 20(a).  *See Fong v. Rego Park Nursing Home*, No. 95 Civ. 4445(SJ), 1996 WL 468660, at *2 (E.D.N.Y. Aug.7, 1996)

**3.** *Mosley* has been referred to as possibly the leading case on joinder of Title VII plaintiffs.  *See A.M. Alexander*, 207 F.3d at 1323 (citing 4 Lex K. Larson, *Employment Discrimination*, § 78.05, at 28–29 (2d ed.1994)).

The second requisite to sustain joinder under Rule 20(a) involves whether a common question of law or fact will arise. Courts have turned to the commonality requirement under Federal Rule of Civil Procedure 23(a) for an analogy. *See Mosley*, 497 F.2d at 1334. That prerequisite necessitates a "very low threshold." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 141 n. 15 (3d Cir.1998) (citation omitted). Plaintiffs need only share one common question of law or fact. *See id.* at 140. Plaintiffs in this case share the common question of the defendant's conduct as basic to the claims of all of them. *See Mosley*, 497 F.2d at 1334 (collecting cases); *Poff v. General Elec. Co.*, Civ. A. No. 89–3320, 1990 WL 69106, at *1 (E.D.Pa. May 21, 1990); *King*, 86 F.R.D. 4, at 5–6. While the plaintiffs bring forth different incidents of alleged discrimination, they are bound by and share the character of the defendant's allegedly adverse conduct. *See Mosley*, 497 F.2d at 1334. Thus, plaintiffs also meet the commonality test under joinder. I conclude therefore that plaintiffs meet the standard for joinder under Rule 20(a).[4]

▮ Defendant also moves this Court to sever the claims into separate law suits for the trial pursuant to Federal Rule of Civil Procedure 42.[5] District Courts are afforded large discretion in deciding whether to sever claims for trial. *See Idzojtic v. Pennsylvania R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972); *BancMortgage Financial Corp. v. Guarantee Title & Trust Co.*, No. Civ. A. 99–CV–2932, 2000 WL 1521600, at *1 (Oct. 6, 2000); 9 Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* § 2392 at 516–17 (3d ed.2001). I find that as discovery has not yet closed and dispositive motions have not been filed, it is too soon to determine whether the claims should be severed for trial. This Court cannot make such a determination until it is clear exactly what issues, if any, will go to trial.

In conclusion, plaintiffs' claims qualify for joinder under Federal Rule of Civil Procedure 20(a), and the decision of whether to separate claims for trial is not ripe for resolution now. An appropriate order follows.

## ORDER

**AND NOW** this 11th day of May, 2001, having considered the motion by defendant Hygrade Food Products Corporation ("Hygrade") to sever plaintiffs' claims into separate lawsuits (Document No. 69), pursuant to Federal Rules of Civil Procedure 20(a) and 21, and the response by plaintiffs, and having concluded for the reasons set forth in the foregoing memorandum that plaintiffs' claims arise out of the same transaction or occurrence and share a common question of law or fact, it is hereby **ORDERED** that the motion of defendant is **DENIED**.

**IT IS FURTHER ORDERED** that having considered the motion by defendant Hygrade to sever plaintiffs' claims for trial, (Document No. 69), pursuant to Federal Rules of Civil Procedure 42(b), and the response by plaintiffs, and having concluded for the reasons set forth in the foregoing memorandum that the motion of defendant is not ripe for resolution now, the motion of defendant is hereby **DENIED** without prejudice.

---

**4.** Defendants contend that some plaintiffs are in conflict with each other because three plaintiffs alleged in the original complaint that the Union discriminated against African–Americans, while two plaintiffs serve as union stewards. Defendants fail to provide any legal citation for the proposition that potential conflicts destroy joinder. More importantly, however, the plaintiffs have dropped their law suit against the union. (Document No. 4.) Thus, this Court sees no conflict involving the union.

**5.** Federal Rule of Civil Procedure 42(b) provides in relevant part: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues...."