Nathaniel **MOSLEY** et al., Appellants,

v.

**GENERAL MOTORS CORPORA-TION** et al., Appellees.

No. **73–1884.**

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1974.

Decided May 31, 1974.

Marilyn Holifield, New York City, for appellants; Louis Gilden, St. Louis, Mo., Jack Greenberg, James M. Nabrit, III, Morris J. Baller, Marilyn J. Holifield, New York City, on the brief.

Charles Hodge, Washington, D. C., for amicus curiae.

James E. McDaniel, St. Louis, Mo., for appellee.

Before ROSS AND STEPHENSON, Circuit Judges, and VAN PELT,* Senior District Judge.

ROSS, Circuit Judge.

Nathaniel Mosley and nine other persons joined in bringing this action individually and as class representatives alleging that their rights guaranteed un-der 42 U.S.C. § 2000e et seq. and 42 U. S.C. § 1981 were denied by General Motors and Local 25, United Automobile, Aerospace and Agriculture Implement Workers of America [Union] by reason of their color and race. Each of the ten named plaintiffs had, prior to the filing of the complaint, filed a charge with the Equal Employment Opportunity Commission [EEOC] asserting the facts underlying these claims. Pursuant thereto, the EEOC made a reasonable cause finding that General Motors, Fisher Body Division and Chevrolet Division, and the Union had engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964. Accordingly, the charging parties were notified by EEOC of their right to institute a civil action in the appropriate federal district court, pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000e–5(e).

In each of the first eight counts of the twelve-count complaint, eight of the ten plaintiffs alleged that General Motors, Chevrolet Division, had engaged in unlawful employment practices by: "discriminating against Negroes as regards promotions, terms and conditions of employment"; "retaliating against Negro employees who protested actions made unlawful by Title VII of the Act and by discharging some because they protested said unlawful acts"; "failing to hire Negro employees as a class on the basis of race"; "failing to hire females as a class on the basis of sex"; "discharging Negro employees on the basis of race"; and "discriminating against Negroes and females in the granting of relief time." Each additionally charged that the defendant Union had engaged in unlawful employment practices "with respect to the granting of relief time to Negro and female employees" and "by failing to pursue 6a grievances." The remaining two plaintiffs made similar allegations against General Motors, Fisher Body Division. All of the individual plaintiffs requested injunctive re-

---

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

lief, back pay, attorneys fees and costs. Counts XI and XII of the complaint were class action counts against the two individual divisions of General Motors. They also sought declaratory and injunctive relief, back pay, attorneys fees and costs.

General Motors moved to strike portions of each count of the twelve-count complaint, to dismiss Counts XI and XII, to make portions of Counts I through XII more definite, to determine the propriety of Counts XI and XII as class actions, to limit the scope of the class purportedly represented, and to determine under which section of Rule 23 Counts XI and XII were maintainable as class actions. The district court ordered that "insofar as the first ten counts are concerned, those ten counts shall be severed into ten separate causes of action," and each plaintiff was directed to bring a separate action based upon his complaint, duly and separately filed. The court also ordered that the class action would not be dismissed, but rather would be left open "to each of the plaintiffs herein, individually or collectively . . . to allege a separate cause of action on behalf of any class of persons which such plaintiff or plaintiffs may separately or individually represent."

In reaching this conclusion on joinder, the district court followed the reasoning of Smith v. North American Rockwell Corp., 50 F.R.D. 515 (N.D.Okla.1970), which, in a somewhat analogous situation, found there was no right to relief arising out of the same transaction, occurrence or series of transactions or occurrences, and that there was no question of law or fact common to all plaintiffs sufficient to sustain joinder under Federal Rule of Civil Procedure 20(a). Similarly, the district court here felt that the plaintiffs' joint actions against General Motors and the Union presented a variety of issues having little relationship to one another; that they had only one common problem, i. e. the defendant; and that as pleaded the joint actions were completely unmanageable. Upon entering the order, and upon ap-

plication of the plaintiffs, the district court found that its decision involved a controlling question of law as to which there is a substantial ground for difference of opinion and that any of the parties might make application for appeal under 28 U.S.C. § 1292(b). We granted the application to permit this interlocutory appeal and for the following reasons we affirm in part and reverse in part.

■ Rule 20(a) of the Federal Rules of Civil Procedure provides:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

Additionally, Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. In this manner, the scope of the civil action is made a matter for the discretion of the district court, and a determination on the question of joinder of parties will be reversed on appeal only upon a showing of abuse of that discretion. Chicago, R. I. & P. R. R. v. Williams, 245 F.2d 397, 404 (8th Cir.), cert. denied, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957). To determine whether the district court's order was proper herein, we must look to the policy and law that have developed around the operation of Rule 20.

■ The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. 7 C. Wright, Federal Practice and Procedure § 1652 at 265 (1972). Single trials generally tend to lessen the delay, expense and inconvenience to all concerned. Reflecting this policy, the Supreme Court has said:

Under the Rules, the impulse is toward entertaining the broadest possi-

ble scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same *transaction or occurrence, or series of transactions or occurrences;* and (2) some *question of law or fact common* to all the parties must arise in the action.

■ In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972). No hard and fast rules have been established under the rule. However, construction of the terms "transaction or occurrence" as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test. For the purposes of the latter rule,

"Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972). The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single pro-

ceeding. Absolute identity of all events is unnecessary.

This construction accords with the result reached in United States v. Mississippi, 380 U.S. 128, 85 S.Ct. 808, 13 L. Ed.2d 717 (1965), a suit brought by the United States against the State of Mississippi, the election commissioners, and six voting registrars of the State, charging them with engaging in acts and practices hampering and destroying the right of black citizens of Mississippi to vote. The district court concluded that the complaint improperly attempted to hold the six county registrars jointly liable for what amounted to nothing more than individual torts committed by them separately against separate applicants. In reversing, the Supreme Court said:

But the complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit *is authorized by Rule 20(a) of the Federal Rules of Civil Procedure . . . .* These registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended to a large extent upon "question[s] of law or fact common to all of them."

*Id.* at 142–143.

■ Here too, then, the plaintiffs have asserted a right to relief arising out of the same transactions or occurrences. Each of the ten plaintiffs alleged that he had been injured by the same general policy of discrimination on the part of General Motors and the Union. Since a "state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote" was determined to arise out of the same series of transactions or occurrences, we

conclude that a company-wide policy purportedly designed to discriminate against blacks in employment similarly arises out of the same series of transactions or occurrences. Thus the plaintiffs meet the first requisite for joinder under Rule 20(a).

The second requisite necessary to sustain a permissive joinder under the rule is that a question of law or fact common to all the parties will arise in the action. The rule does not require that *all* questions of law and fact raised by the dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality. For this reason, cases construing the parallel requirement under Federal Rule of Civil Procedure 23(a) provide a helpful framework for construction of the commonality required by Rule 20. In general, those cases that have focused on Rule 23(a)(2) have given it a permissive application so that common questions have been found to exist in a wide range of context. 7 C. Wright, Federal Practice and Procedure § 1763 at 604 (1972). Specifically, with respect to employment discrimination cases under Title VII, courts have found that the discriminatory character of a defendant's conduct is basic to the class, and the fact that the individual class members may have suffered different effects from the alleged discrimination is immaterial for the purposes of the prerequisite. Hicks v. Crown Zellerbach Corp., 49 F.R.D. 184, 187–188 (E.D.La.1968). *See also* Washington v. Lee, 263 F.Supp. 327, 330 (M.D.Ala.1966), aff'd per curiam, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); Like v. Carter, 448 F.2d 798, 802 (8th Cir. 1971), cert. denied, 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972). In this vein, one court has said:

> [A]lthough the actual effects of a discriminatory policy may thus vary throughout the class, the existence of the discriminatory policy threatens the entire class. And whether the Damoclean threat of a racially discriminatory policy hangs over the ra-

cial class is a question of fact common to all the members of the class.

Hall v. Werthan Bag Corp., 251 F.Supp. 184, 186 (M.D.Tenn.1966). *See also* Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1124 (5th Cir. 1969); Mack v. General Electric Co., 329 F.Supp. 72, 75–76 (E.D.Pa.1971); Bennett v. Gravelle, 323 F.Supp. 203, 219 (D.Md.), aff'd, 451 F.2d 1011 (4th Cir. 1971), cert. denied, 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972).

The right to relief here depends on the ability to demonstrate that each of the plaintiffs was wronged by racially discriminatory policies on the part of the defendants General Motors and the Union. The discriminatory character of the defendants' conduct is thus basic to each plaintiff's recovery. The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact. Thus, we conclude that the second requisite for joinder under Rule 20(a) is also met by the complaint.

For the reasons set forth above, we conclude that the district court abused its discretion in severing the joined actions. The difficulties in ultimately adjudicating damages to the various plaintiffs are not so overwhelming as to require such severance. If appropriate, separate trials may be granted as to any particular issue after the determination of common questions.

The judgment of the district court disallowing joinder of the plaintiffs' individual actions is reversed and remanded with directions to permit the plaintiffs to proceed jointly. That portion of the district court's judgment that withholds determination of the propriety of the purported class until further discovery is affirmed. We consider the application of the appellants for attorneys fees on this appeal to be premature, and they will be denied without prejudice to their right to reassert that claim upon final disposition of the case.