John F. "Jack" WALSH, et al., Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 81–1998.

United States District Court, District of Columbia.

May 14, 1990.

Norman B. Smith, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., Beverly C. Moore, Jr., Washington, D.C., William H. McDonald, David A. Childers, John E. Price, Robert M.N. Palmer, Woolsey, Fisher, Whitaker, McDonald & Ansley, Springfield, Mo., for plaintiffs.

William T. Coleman, Jr., Richard C. Warmer, Carl R. Schenker, Jr., John H. Beisner, Aaron S. Bayer, Barbara L. Strack, O'Melveny & Myers, Washington, D.C., Henry R. Nolte, Jr., James M. Mac-Nee, III, John L. Wanamaker, Office of Gen. Counsel, Dearborn, Mich., for defendant.

## MEMORANDUM

JUNE L. GREEN, District Judge.

On March 26, 1990 this Court issued an Order and Opinion denying plaintiffs' motion for recertification of various implied and written warranty classes. In its Opinion this Court stated that it found no basis for maintaining the plaintiffs' action once class certification had been denied. The Court, therefore, dismissed the plaintiffs' complaint. *See* Order and Opinion, 130 F.R.D. 260, 277 (dated March 26, 1990). In their Motion for Reconsideration of Jurisdictional Basis for Dismissal Order, plaintiffs now seek to have the Court vacate its order of dismissal and reinstate the complaint as to at least the named plaintiffs. Plaintiffs claim that a non-class, multiparty action can be maintained under the Magnuson–Moss Act (15 U.S.C. § 2310(d)) and Fed.R.Civ.P. 20's joinder provisions. For the reasons that follow, the Court finds that a joinder action in this case would be inappropriate.

The Magnuson–Moss Act provides for federal jurisdiction over multiparty actions where the total amount in controversy equals or exceeds $50,000. 15 U.S.C. §§ 2310(d)(1), 2310(d)(3). Claims of individual plaintiffs can be aggregated to meet the $50,000 requirement. *Saval v. BL Ltd.*, 710 F.2d 1027, 1030 (4th Cir.1983). However, plaintiffs must first be properly joined under Fed.R.Civ.P. 20. *Id.*

Rule 20 provides that joinder is proper where (1) each plaintiff's claim for relief arises out of the same transaction or occurrence, or series of transactions or occurrences, and (2) there is some common question of law or fact. The Court is satisfied that the plaintiffs could meet the Rule 20's second requirement.[1] However, the plaintiffs' respective claims do not all arise from the same transaction or occurrence, or series of transactions or occurrences, thus, joinder would be inappropriate.

While the plaintiffs do allege that each automobile owner experienced the common problem of park-to-reverse phenomena, these allegations are insufficient to meet the common 'transaction or occurrence' requirement in Rule 20. *See Saval*, 710 F.2d at 1031. In *Saval*, 710 F.2d at 1031, the Fourth Circuit upheld a determination that where four Jaguar automobile owners had "not demonstrated that any of the alleged similar problems resulted from a common defect", Rule 20's 'transaction or occurrence' test had not been met.

Similarly, in this case, the plaintiffs have not shown that the park-to-reverse incidents allegedly experienced by each Ford owner were the result of a common defect.[2]

In the early stages of this case, the Court was under the impression that the plaintiffs would be able to identify a singular defect common to each automobile. Unfortunately, through the many years this suit has spanned and the multiple submissions by the parties, it has become apparent that the plaintiffs are unable to find this common thread. In fact, plaintiffs now have put forth the theory that an interaction of various defective conditions are necessary to cause park-to-reverse phenomena. And the evidence suggests that

---

1. Fed.R.Civ.P. 20's commonality requirement has been equated to a similar requirement found in Fed.R.Civ.P. 23(a)(2), the class certification rule. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir.1974). This Court determined in its earlier opinion that questions of law and fact common to all the plaintiffs were present under Rule 23(a)(2). *See* Opinion (dated March 26, 1990) at 267–68.

2. The plaintiffs urge the Court to follow *Abraham v. Volkswagen of America, Inc.*, 795 F.2d

238 (2nd Cir.1986), and *Carlson v. General Motors Corp.*, C.A. No. 2:86–2674–1 (D.S.C.1988), *aff'd in part, rev'd in part & remanded on other grounds*, 883 F.2d 287 (4th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990), in granting joinder of the claims of the named plaintiffs. However, both those cases involved claims of a single, common defect in the automobiles at issue.

park-to-reverse incidents also can be cause by non-defective conditions, such as human error or ordinary wear and tear.

Given the multiplicity of causes which might have produced a park-to-reverse incident in any given vehicle, in addition to the unique driving and service histories of each automobile, and the particular circumstances of each park-to-reverse incident, the Court concludes that the plaintiffs' actions do not meet Rule 20's common 'transaction or occurrence' requirement.

Furthermore, this Court has already indicated its concern that this litigation could result in numerous suits within a suit. Such an outcome would thwart the purposes of Rule 20 to promote trial convenience and prevent multiple lawsuits. *Mosley v. General Motors Corp.*, 497 F.2d at 1330, 1332 (8th Cir.1974).

For these reasons, the Court denies the plaintiffs' motion for reconsideration of the jurisdictional basis of its dismissal order. An appropriate order is attached.

### ORDER

Upon consideration of plaintiffs' "Motion for Reconsideration of Jurisdictional Basis for Dismissal Order" (dated Apr. 9, 1990) and the briefing in support thereof, defendant Ford Motor Company's opposition thereto, and the entire record herein, it is by the Court this 11th day of May 1990,

ORDERED that plaintiffs' motion is denied; and it is further

ORDERED that the Clerk of the Court strike from the record and return to plaintiffs' local counsel all of the exhibits to plaintiffs' "Statement of Points and Authorities in Support of Plaintiffs' Motion for Reconsideration of Jurisdictional Basis for Dismissal Order" (dated Apr. 9, 1990) except for the one-page Exhibit A; and it is further

ORDERED that inasmuch as portions of plaintiffs' "Statement of Points and Authorities in Support of Plaintiffs' Motion for Reconsideration of Jurisdictional Basis for Dismissal Order" (dated Apr. 9, 1990) contain the substance of the exhibits which this Court has herein ordered stricken, the Clerk of the Court is directed to strike page 18 (commencing with the second paragraph) through 23 (through the end of the first full paragraph) of plaintiffs' Statement of Points and Authorities from the docket in this proceeding and return them to plaintiffs' local counsel.