James H. HANLEY, et al.

v.

**FIRST INVESTORS CORPORATION**
**and John Marceaux.**

No. 1:90 CV 848.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 21, 1993.

Scot E. Sheldon, Moore Landrey Garth Jones Burmeister & Hulett, Jeff Robert Branick, Provost & Umphrey, J. Hoke Peacock, II, Charles Keith Kebodeaux, Orgain Bell & Tucker, Beaumont, TX, for plaintiffs.

Thomas Lee Hanna, Mehaffy & Weber, Beaumont, TX, Stephen W. Grafman, Stephen G. Topetzes, Kirkpatrick & Lockhart, Washington, DC, for defendant First Investors Corp.

Paul D. Smith, Lesley E. Little, Axelrod Smith Komiss & Kirshbaum, Houston, TX, for defendant John D. Marceaux.

## MEMORANDUM OPINION AND ORDER DENYING FIRST INVESTORS CORPORATION'S MOTION TO SEVER

SCHELL, District Judge.

Before this court is Defendant First Investors Corporation's Motion to Sever Action at the Conclusion of Discovery into Separate Actions, One by Each Party–Plaintiff. The court, after reviewing the Motion, Plaintiffs' Response, and Defendant's Reply, is of the opinion that this Motion should be DENIED.

This is a securities fraud action against First Investors Corporation ("First Investors") and John Marceaux[1] brought by nineteen plaintiffs who purchased shares in various mutual funds during the middle 1980's, and who saw their investments significantly decline in value during the late 1980's. Each plaintiff alleges the same causes of action with respect to Mr. Marceaux; each plaintiff alleges the same causes of action against First Investors. Each plaintiff claims that Mr. Marceaux committed the same types of culpable acts; each plaintiff also claims that First Investors engaged in the same pattern of culpable conduct.

First Investors moves this court to sever the consolidated action into nineteen separate actions, urging that the plaintiffs are misjoined under Fed.R.Civ.P. 21, or that in the alternative, fairness dictates severance under Rule 20(b) or Rule 42(b).

## MISJOINDER—THE PROPER LEGAL STANDARD

Federal Rule of Civil Procedure 21 governs misjoinder of parties. Misjoined parties may be dropped on the motion of any party or the court. Fed.R.Civ.P. 21. In

---

1. Mr. Marceaux is a broker; First Investors is (or was) his employer.

determining whether parties are misjoined, the joinder standards of Rule 20 apply.

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a). Here, the defendant has conceded that there are common questions of law and fact. Def.Reply at 2 n. 2. Thus, our only inquiry is whether or not the plaintiffs' causes of action respect or arise out of the same transaction, occurrence, or series of transactions or occurrences.

Plaintiffs assert that this prong of Rule 20(a) is met if there is a "logical relationship" between the events entitling the plaintiffs to relief. They say that claims are logically connected when the likelihood of overlapping proof and duplication of testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and the court.

First Investors counters that the Fifth Circuit has not adopted the "logical relationship" interpretation of Rule 20(a)'s "same transaction or occurrence" test. Further, it argues that such a reading of the first prong of Rule 20(a) would render the second prong redundant.

The court finds that under existing Fifth Circuit precedent, a denial of severance is proper. Further, the court finds that if the Fifth Circuit were to consider the 20(a) question using a "logical relationship" crucible, denial of severance would still be proper.

### Misjoinder—Existing Fifth Circuit Precedent

The court finds that this case is substantially similar to *Jolley v. Welch*, 904 F.2d 988 (5th Cir.1990), *cert. denied*, 498 U.S. 1050, 111 S.Ct. 762, 112 L.Ed.2d 781 (1991). The plaintiffs in *Jolley* filed suit against a broker and his employer, a brokerage firm, relating to investment services performed over a period of years. Each plaintiff alleged the same

or similar causes of action, including breach of duty for overly speculative investments made by the defendants. The brokerage firm moved to sever a plaintiff's cause of action against the firm.[2] The Fifth Circuit, noting that "all plaintiffs alleged the same acts committed by the same broker during roughly the same period of time," upheld the District Court's denial of severance. *Id.* at 994.

First Investors seeks to distinguish *Jolley* on the grounds that *Jolley* involved a common pattern of illegal activity that tied the plaintiffs' claims together, such as the common failure to provide disclosure statements. Def.Brief at 8–9 n. 9. First, there is no significant difference between "a common failure to provide disclosure documents" and an alleged common pattern of oral misrepresentations such as those in the case at bar. *See* Pl.Resp. at 7. Both arise out of the same "series of transactions or occurrences." Second, First Investors is trying to create an issue where none exists. *Jolley* did not focus in on any particular claim or "interwoven theory" in upholding the denial of severance. To quote the *Jolley* court, "all plaintiffs alleged the same acts committed by the same broker [or his agents] during roughly the same period of time." *Jolley*, 904 F.2d at 994. The case at bar meets this standard nicely. There is no significant factual difference between *Jolley* and the case at bar. Under Fifth Circuit precedent, a motion to deny severance is proper. The plaintiffs are not misjoined under Rule 21.

### Misjoinder—"Logical Relationship" Analysis

Plaintiffs urge this court to adopt the "logical relationship" analysis of the Eighth Circuit. *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir.1974). Under *Mosley*, in ascertaining whether a particular factual situation constitutes a transaction, occurrence, or series of transactions or occurrences for purposes of Rule 20, the court looks to see if the operative facts are logically related. *Id.* at 1333. *Mosley* gathered support for its rule by reference to Rule 13 and

---

**2.** In *Jolley*, for reasons that need not be explained here, all plaintiffs' claims against the brokerage firm—save one—were stayed. All

plaintiffs' claims against the broker continued. The brokerage firm wanted to sever the one claim against it which continued to trial.

cases interpreting it. Rule 13, the joinder of cross-claims and counterclaims rule, also uses a "transaction or occurrence" test. For purposes of Rule 13, " '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) (interpreting precursor to Rule 13). "The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley*, 497 F.2d at 1333.

The "logical relation" interpretation of Rule 20 is not antithetical to Fifth Circuit precedent. First, Rule 20 logically compels such a notion of what makes a group of operative facts into a transaction, occurrence, or series thereof. Second, the Fifth Circuit seems willing to analogize Rules 20 and 13.

■ The first prong of Rule 20(a) necessarily entails a "logical relationship" definition for "series of transactions or occurrences." [3] Parsing the language of the rule, the first prong is met if there is a common right to relief respecting or arising out of a "series of transactions or occurrences." For the case at bar, the crux of the issue is the definition of "series." Imagine a number of "transactions or occurrences" spread out through time and place. They are not directly continuous, or else they would constitute one transaction or occurrence rather than a number of them. What would make them a "series?" The answer is some connection or logical relationship between the various transactions or occurrences. The thing which makes the relationship "logical" is some nucleus of operative facts or law—the second prong of the 20(a) test. [4] If the phrase "series" is to have any real meaning whatsoever, it necessarily must entail some "logical relationship" between the specific transactions or occurrences. Thus, Rule 20 itself contemplates a "logical relationship" definition. [5]

■ Furthermore, the Fifth Circuit seems willing to analogize Rules 20 and 13. In *Nor–Tex Agencies, Inc. v. Jones*, 482 F.2d 1093 (5th Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1563, 39 L.Ed.2d 873 (1974), Nor–Tex sued Jones. The complaint was amended to add Riley (Nor–Tex's president, but acting on his own behalf) as a plaintiff and Owen (and a bank) as defendants. Owen then cross-claimed against Jones. Thus, there were three claims presented to the district court: Nor–Tex versus Jones; Riley versus Owen and Jones; and Owen versus Jones. The Nor–Tex/Jones action and the Riley/Jones & Owen action each consisted of various events at various times, but overlapped in one instance of operative facts. The Owen/Jones action consisted of events entirely separate in time from but logically related to the other two actions. Jones moved to sever the Nor–Tex/Jones action from the Riley/Jones & Owen action and the Owen/Jones cross-claim. Severance of the Nor–Tex/Jones action and the Riley/Jones & Owen action was a Rule 20 joinder of parties question. But the inclusion of the Owen/Jones cross-claim would have been a Rule 13 question. The Fifth Circuit held that the court acted properly in not severing the actions:

> The district judge acted within his discretion in allowing the joinder under Rule

---

**3.** In the case at bar, it is clear that all plaintiff's claims do not arise out of one transaction or occurrence. Thus, the only inquiry is whether they arise out of or respect the same "series" of transactions or occurrences.

**4.** Thus, while there may be two prongs to the 20(a) test, they cannot be considered mechanically independent. There is feedback between both standards.

**5.** First Investors asserts that the logical relationship test would result in the "same transaction or occurrence" prong of Rule 20(a) becoming entirely subsumed within the "common questions of law or fact" prong of the test. Def.Reply at 4. This overstates the case. There are situations where there are common questions of fact or law in which there would not be one transaction, occurrence, or series of transactions or occurrences. Admittedly, there would be great overlap, but a logical relationship standard for the first prong of 20(a) would not render the second prong moot.

20(a), as well as denying the motion for severance under 20(b). *See also* Rule 13, 42, Fed.R.Civ.P. As noted above, Jones's scheme to defraud Nor–Tex was only one chapter in a larger plot to also defraud Riley and Owen.

*Id.* at 1100. The *Nor–Tex* Court seems to be treating Rule 13 and Rule 20 similarly. And the *Nor–Tex* Court seems to be saying that if there is a logical relationship between operative facts—such as a common scheme to defraud—then joinder may be proper.

Thus, the Fifth Circuit may not be antithetical to a "logical relationship" definition as to what constitutes a transaction, occurrence, or series of transactions or occurrences. Although the court has already determined that joinder is proper under existing Fifth Circuit authority, it should be noted that a denial of severance would be proper under the "logical relationship" standard as well. Here there is a common pattern of claims alleging the same culpable conduct against the same defendant over the same period of time. The claims are much more similar than dissimilar. And while application of the test may be more intuitive than cerebral, the claims seem logically related. This logical relationship among the claims shows that the facts giving rise to each individual claim are part of a "series of transactions or occurrences" giving rise to common questions of both fact and law. Thus, joinder would also be proper under Rule 20(a) using the *Mosley* standard.

### SEVERANCE UNDER 20(b) OR 42(b)

▮ The court denies First Investor's alternative arguments to sever under Rules 20(b) or 42(b). The court's decision balances convenience and judicial economy with the competing concerns of prejudice and juror confusion.[6] The interest in convenience and judicial economy is obvious—one large trial versus nineteen medium ones. Less judicial and juror time will be spent in the former situation. The common questions of law and fact are best resolved in one setting.

First Investors counters that (1) judicial economy may not be served if the court's decision to deny severance is reversed; (2) that the defendant would be unduly prejudiced in that the jury might find liability based on the sheer number of claims presented; (3) the jury might be confused by the large number of claims and would be unable to distinguish the varying facts associated with each individual claim or might award damages without considering the individual damages each plaintiff bore.

The second and third concerns can be addressed by instructions. Based on the court's experience, it seems well within the jury's abilities to distinguish between the idiosyncrasies of each case. They will be instructed to keep each plaintiff's claim separate, and to force each plaintiff to prove his or her claim and damages separately. In addition, they will be instructed that the mere presence of several plaintiffs does not permit an inference of liability.

Regarding the defendant's first concern, while a reversal of this court would require commitment of further judicial resources, reversal does not seem likely given the facts of this case and existing Fifth Circuit precedent.

Since the overall balance of efficiency and fairness points toward having one trial, First Investor's alternate grounds to sever under Rule 20(b) or 42(b) are without merit.

Therefore, Defendant First Investors Corporation's Motion to Sever Action at the Conclusion of Discovery into Separate Actions, One by Each Party–Plaintiff, is DENIED.

---

**6.** Technically, Rule 42(b) is concerned with both prejudice and economy, while the language of Rule 20(b) focuses solely on prejudice. Since the same discussion covers both Rules, they are not considered separately, but the court has used the appropriate standard for each in making its decision.