Brassard, J.
The plaintiffs brought this action against Copley Pharmaceutical, Inc. (“Copley”), alleging damages recoverable under theories of strict product liability, negligence, breach of express warranty, breach of implied warranty, and fraud. The matter is before the Court on Copley’s motions to sever and dismiss. For reasons stated, the motions are denied.
BACKGROUND
The plaintiffs in this action live in Massachusetts, Pennsylvania, New Jersey, New York, Wisconsin, and Minnesota. Copley is organized under the laws of Delaware with a principal place of business in Massachusetts.
Copley is a manufacturer of Albuterol Sulfate Inhalation Solution 0.5% (“Albuterol”). Albuterol is a prescription drug intended to treat various respiratory illnesses, including asthma, and is used as a bronchodilator to assist in breathing. The plaintiffs allege that in order to increase production and profits, Copley engaged in “slipshod” practices and procedures with respect to the manufacture of Albuterol in violation of FDA regulations. These practices allowed the growth and presence of bacterial organisms in the drug that are harmful to human beings. In the course of Copley’s development and testing of Albuterol, its officers detected the presence of these organisms, but did not engage in further research, analysis and testing in order to prevent contamination. At the time, Copley was being sold to Hoechst Celanese Corporation, and the failure to act and to disclose the contamination was due to economic considerations. The plaintiffs further allege that Copley’s executives profited from their actions by hundreds of millions of dollars.
On or about January 5, 1994, Copley issued a nationwide recall of all lots of Albuterol because of contamination and the drug’s possible harm to users. This recall occurred after the FDA had discovered water quality problems in the manufacture of Al-buterol. The plaintiffs allege that their health was adversely affected by their use of the drug.
Copley has now brought a motion to sever, so that each plaintiffs case will be treated separately, and a motion to dismiss all suits except that of the Massachusetts plaintiff based on forum non conveniens.
DISCUSSION
1. Motion to Sever
Mass.RCiv.P. 20(a) governs permissive joinder of parties. It states: “All persons may join in one action as plaintiffs if they assert any right to reliefjointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . .”
*153 Mass.R.Civ.P. 20(b) states: “The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.” Similarly, Mass.R.Civ.P. 21 states: “. . . Parties may be dropped or added by order of the court or motion of any party ... at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”
Because Massachusetts courts have not closely examined Mass.R.Civ.P. 20(a), I turn to analysis of the analogous Federal Rule of Civil Procedure 20(a) for guidance. Federal courts have stated that this rule requires that for joinder of parties, two specific requisites must be met: a right to relief must be asserted by each plaintiff relating to or arising out of the same transaction or occurrence, and some question of law or fact common to all parties will arise in the action. League To Save Lake Tahoe v. Tahoe Reg. Plan. Agcy., 558 F.2d 914, 917 (9th Cir. 1977).
- The “transaction or occurrence test” of Rule 20 permits all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). Absolute identity of all events is unnecessary. Id. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Id. The impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of parties is strongly encouraged. League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy., supra at 917, citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally practiced. Mosley v. General Motors Corporation, 497 F.2d 1330, 1333 (8th Cir. 1974). Generally, all “logically related” events entitling a person to institute a legal action are regarded as comprising a transaction or occurrence. Id.
In Saval, the United States Court of Appeals relied on District Court findings that plaintiffs, who alleged that they each purchased defective automobiles, glossed over the differences between the unique histories of the automobiles, and had not demonstrated that the problems with the cars resulted from a common defect. Saved v. BL Ltd., supra at 1031. Further, the cars were purchased at different times, were driven differently, and had different service histories. Id. Additionally, there was no proof of reliance on common misrepresentations or that each plaintiff received the same warranty. Id. The Court of Appeals found that, severance would be required in order to keep the facts straight pertaining to the separate automobiles and that allowing j oinder would mean that every purchaser of a product could join with every other purchaser, even if the products suffered from different defects, on the basis that a common warranty was given to each product. Id. The Court concluded that allowing joinder would not further judicial economy. Id. at 1032.
Similarly, the United States Court of Appeals stated that joinder was improper where multiple plaintiffs alleging asbestos poisoning from a ship failed to indicate in their complaint whether they were each injured while serving on the same vessel or during the same time periods, or whether they were injured by exposure to the same asbestos-containing products or equipment, or any specifications of the product or equipment to which they were exposed. Abdullah v. Acands, Inc., 30 F.3d 264, 628 n.5 (1st. Cir. 1994).
The United States Court of Appeals allowed joinder of plaintiffs who alleged that the defendant violated an agreement by approving land development projects and that construction on these projects would upset the ecology of the area. League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency, supra at 917. The Court held that the right to relief asserted by the plaintiffs arose out of the same occurrence, which was the defendant’s illegal approval given to development projects, and that the question of law or fact of the validity of the approval were common to all plaintiffs despite the fact that the plaintiffs owned different parcels of land. Id. Similarly, the United States Court of Appeals allowed joinder of plaintiffs who alleged that they each had been injured by a general policy of discrimination by their employer. Mosley v. General Motors Corporation, supra at 1333.
I hold that the plaintiffs here may join together in one suit under Mass.R.Civ.P. 20(a) because they allege injury arising out of Copley’s negligence in the manufacture of Albuterol, and such negligence constitutes a single transaction or occurrence or series of transactions or occurrences. Proof of this alleged negligence will undoubtedly require massive discovery and extensive presentation of evidence. The interests of justice and judicial economy would not be served by requiring this same evidence to be discovered and presented in multiple proceedings.
Copley argues that trying these cases together will unduly prejudice Copley by confusing the jury and forcing it to deal with too many questions of law and fact, specifically whether Albuterol caused each individual plaintiffs damages. This assertion is more appropriately brought pursuant to Mass.R.Civ.P. 42(b), which states: “The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial in the county where the action is pending or in a different county of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . ,”[3]
Federal courts, under Fed.R.Civ.P. 42(b), have ordered bifurcated trials in toxic tort litigation. In In Re *154 Bendectin Litigation, 857 F.2d 290 (6th Cir. 1988), numerous plaintiffs from different states brought suit claiming that an anti-nausea drug ingested during pregnancy caused birth defects. The trial court ordered a “tri-furcated” trial. In the first stage the jury was instructed to decide the question of whether ingestion of Bendectin at therapeutic doses during the period of fetal organogenesis was a proximate cause of human birth defects. Id. at 294. In upholding the trifurcation, the United States Court of Appeals stated that the purpose of Fed.RCiv.P. 42(b) is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties. Id. at 307.
It may well be appropriate to bifurcate issues for trial here. In the first trial a jury would decide whether Copley was negligent in the production and distribution of Albuterol, and whether such negligence could cause injuries. Such bifurcation will allow the parties to avoid the undue prejudice Copley asserts will arise from the complicated individual causation issues. If the juiy finds in the negative on either of these first questions, the case will go no further. If the jury finds in the affirmative on both questions, it may be appropriate to order separate trials for each individual plaintiff on the issues of specific causation and damages. However, as the issue of bifurcation is not before me, I do not here order it.
2. Motion to Dismiss
Copley additionally argues that the claims brought by the plaintiffs who are not Massachusetts residents should be dismissed under the doctrine of Jorum non conveniens. G.L.c. 223A, §5 states: “When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."
A decision whether to dismiss an action under the doctrine of Jorum non conveniens cannot be made by applying a universal formula and depends greatly on the specific facts of the case. W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 577 (1990). Dismissal on the ground of forum non conveniens is justified “where it appears that complete justice cannot be done here, that the defendant will be subjected to great and unnecessary inconvenience and expense, and that the trial will be attended, if conducted here, with many if not insuperable difficulties which all would be avoided without special hardship to the plaintiff if the proceedings are brought in the jurisdiction where the defendant is domiciled, where service can be had, where the cause of action arose and where justice can be done.” New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 94 (1967). “Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive . . . But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” Id. at 95.
The Supreme Judicial Court in Estes also listed public interest factors to be considered under the doctrine of forum non conveniens, and noted that “(a]dministrative difficulties follow for courts when ligation is piled up in congested centers instead of being handled at its origin.” Id. at 95-96. The Supreme Judicial Court has also stated that in a complex case involving many parties and largely common issues of law and fact, it is in the public interest that all relevant persons be parties to the action. W.R. Grace & Co. v. Hartford Accident & Indemnity Co., supra at 579. Further, a decision to dismiss an action on the grounds of forum non conveniens should not be made unless all the parties most probably can be made parties in another, more convenient forum. Id. at 579. Piecemeal resolution of common factual questions is inappropriate, and dispersed decision making wastes the time and resources of parties and the courts and permits inconsistent results. Id.
Copley argues that the claims of all non-Massachusetts residents should be dismissed because of Copley’s difficulties in conducting discovery and presenting evidence regarding the medical histories and damages of each of the plaintiffs.[4] These difficulties must be balanced against the plaintiffs’ need to efficiently present evidence regarding Copley’s actions. Conducting separate trials in several states would create great inconvenience and expense for the parties and the court system. The public interest therefore weighs against dismissal, and the convenience of the parties does not weigh strongly in favor of Copley’s motion. Based on these factors, I do not disturb the plaintiffs’ choice of forum.
ORDER
For the foregoing reasons, it is hereby ORDERED that Copley Pharmaceutical, Inc.’s motions to sever and to dismiss be DENIED.

For a discussion of the interrelationship between Mass.R.Civ.P. 20(b) and Mass.R.Civ.P. 42(b), see Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., Inc., 16 Mass.App.Ct. 525, 526-30 (1983).

Copley also argues that under choice of law doctrine, the Massachusetts court would have to apply the laws of several different states. While I do not reach this issue, I note that if the court is required to do this, confusion may be minimized if not avoided by severing the causation and damages elements for each plaintiff from the portion of the trial which deals exclusively with Copley’s actions, as discussed above.