82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Uriah Marquis PASHA, also known as Kenneth Uriah Ross; Joe
Smyzer, Plaintiffs-Appellants,
v.
Brereton C. JONES; Phil Parker, Warden; Rex Dunn,
Defendants-Appellees.
 No. 95-5265.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Uriah Marquis Pasha and Joe Smyzer, proceeding pro se, appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Pasha and Smyzer sued the governor of Kentucky (Jones), the warden of the Kentucky State Penitentiary (Parker) and a correctional officer (Dunn), in both their individual and official capacities. Plaintiff Pasha alleged that the defendants: 1) failed to charge anyone after he had been assaulted by state officials, and instead placed him in administrative segregation pending an investigation into his participation in the incident; 2) refused to protect him even though an inmate informed Pasha that an officer attempted to pay the inmate to kill Pasha because he had filed several grievances and civil complaints against the institution; 3) did not address his claim that the staff discriminated against Muslim inmates; and 4) retaliated against him by convicting him of false misconduct charges and transferring him to a different institution. Pasha also alleged that Dunn verbally and physically abused him. Smyzer alleged that, on another occasion, Dunn struck him because he believed Smyzer was Pasha.
 
 
 4
 The district court dismissed the complaint sua sponte, without prejudice, because it concluded that the plaintiffs could not seek relief in a single action as their claims did not rise from a common nucleus of operative facts.
 
 
 5
 The plaintiffs have filed a timely appeal, reasserting their same claims. Pasha has also filed a motion to proceed in forma pauperis on appeal, even though the district court permitted the plaintiffs to proceed in forma pauperis on appeal. In addition, Pasha has filed a motion for protection and a temporary restraining order, alleging that the defendants have continued to harass him and retaliate against him by sexually abusing him.
 
 
 6
 Upon review, we vacate and remand the district court's judgment dismissing the plaintiffs' complaint as an abuse of discretion. See Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir.1994). Federal Rule of Civil Procedure 20(a), provides in pertinent part, that all persons may join in one action as plaintiffs if they assert any right to relief relating to or arising out of the same transaction or occurrence or series of transactions or occurrences and if any question of law or fact common to all the parties will arise in the action. See Anderson v. Montgomery Ward & Co., 852 F.2d 1008, 1011 n. 5 (7th Cir.1988). Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues. Mosley v. General Motors Corp., 497 F.2d 1330, 1332-33 (8th Cir.1974). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See United States v. Winston, 37 F.3d 235, 239 (6th Cir.1994).
 
 
 7
 Here, although the district court did not specify the rule it relied on to dismiss the plaintiffs' complaint, it did state that the plaintiffs' claims did not arise under a common nucleus of facts. Such language normally applies to whether a district court should review a plaintiff's supplemental state claims in addition to the plaintiff's federal claims. See Kaufman v. Allied Signal Inc., Autolite Div., 970 F.2d 178, 187 (6th Cir.), cert. denied, 506 U.S. 1041 (1992). However, the plaintiffs are not attempting to have the court review any supplemental state law claim. Rather, they are attempting to assert their federal claims against one defendant in one action.
 
 
 8
 The plaintiffs' complaint satisfies the test for permissive joinder of parties. Each plaintiff challenges Dunn's pattern of harassment. They alleged that Dunn continuously harassed and retaliated against Pasha, and that this also led to Dunn's assault on Smyzer. Dunn's "intent" to harass constitutes a shared element of both Pasha's and Smyzer's claims, and would be established by similar proof in each case (i.e., evidence of Dunn's conduct towards Pasha). The plaintiffs could establish that Dunn's alleged assault on Smyzer was intentional, if they could show that Dunn mistakenly assaulted Smyzer thinking he was Pasha. Moreover, any evidence that Dunn mistook Smyzer for Pasha would be relevant to the plaintiff's allegation that Dunn continuously harassed Pasha. Thus, Dunn's continuous harassment of Pasha constitutes the same series of transactions or occurrences from which each of the plaintiffs' claims arise. In addition, plaintiffs' claims raise the same question of law or fact, i.e., whether Dunn has violated the plaintiffs' right to be free from retaliation and physical abuse from prison staff. See Anderson, 852 F.2d at 1011 n. 5. While we conclude that the district court improperly dismissed the plaintiffs' complaint, we do not make any comment on the ultimate merits of the claims.
 
 
 9
 Accordingly, we deny Pasha's motion to proceed in forma pauperis on appeal as moot, deny the motion for protection, vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation