## ANDERSON POLEON, DAVID STEVENS, ZDENEK ZAPLETAL, GARY SIMMONDS, and AKEEM NEWTON, Plaintiffs

### v.

### GENERAL MOTORS CORP., Defendant

Civ. No. 1999-127

District Court of Virgin Islands

Div. of St. Croix

January 5, 2000

LEE J. ROHN, Christiansted, St. Croix, VI, *for Plaintiffs*

BRITAIN H BRYANT, *for Defendant*

RESNICK, *U.S. Magistrate Judge*

### (AMENDED) ORDER DENYING GENERAL MOTORS' AMENDED MOTION TO SEVER[1]

THIS MATTER is before the Court on defendant General Motors Corporation's ["GM"] Amended Motion to Sever. Plaintiffs filed Opposition to such Amended Motion to which GM replied.

---

[1] The Amended Order corrects footnote 1, and adds the word "of" on Page 4, line 3.

This action is being brought by five police officers who claim they sustained injuries from accidents involving 1998 Chevy Blazers manufactured by the defendant.[2] Plaintiffs claim that a defect in the Anti-locking Braking System was the cause of their injuries and, in each case, the vehicle's air bag failed to deploy. GM argues that the cases should be severed because the accidents were not part of a transaction or series of transactions, making the joinder of all plaintiffs improper. GM contends that the three accidents occurred at different times, with different plaintiffs and involved different factual circumstances. Defendant maintains that the jury may be confused by the different facts and scientific evidence and that failure to sever would cause undue bias and prejudice to GM.

■ Rule 20 of the Federal Rules of Civil Procedure allows permissive joinder of parties (1) where there is a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) a common question of law or fact. The rule is construed very liberally and allows the court considerable flexibility to balance the principles of judicial economy and prejudice to the defendant. *Dougherty v. Mieczkowski*, 661 F. Supp. 267, 278 (D. Del. 1987).

Resolution of the issue herein turns on whether the three accidents involving the five plaintiffs in this case are part of the "same transaction or occurrence or series of transactions or occurrences." No bright line rule has emerged regarding what is a transaction or series of transactions for purposes of this rule. However, the better analyzed cases reason that a "logical relationship" must exist between the events. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE, § 1651 (1990). In *Mosley*, ten plaintiffs sued GM alleging racial discrimination in employment. Despite the fact that the claimed practices occurred at different times and plaintiffs suffered different effects, the court found that GM's company-wide

---

[2] Three separate incidents are alleged. The first alleged incident involved Zapletal and Simmonds and occurred on July 10, 1998. The second involved Newton and occurred on November 29, 1998. The third, involving Poleon and Stevens, occurred on March 26, 1999.

policy designed to discriminate against blacks in employment satisfied the logical relationship test and contained a common question of law and fact in satisfaction of Rule 20. *Id. at* 1333-34.

The case of *Abraham v. Volkswagen of America*, 795 F.2d 238 (2d Cir. 1986) contains facts similar to the instant case. There, plaintiff automobile buyers sued defendant alleging defects in vehicles manufactured between 1975 and 1979. The court found that the allegation in the amended complaint of a defective steam valve seal common to all the vehicles satisfied the requirement of a "series of logically related transactions." *Id.* at 251. *See also Hanley v. First Investors Corp.*, 151 F.R.D. 76, 78 (E.D. Tex. 1993) (Action for securities fraud brought by 19 plaintiffs against broker alleging similar acts and claims did not require severance because conduct constituted a series of transactions or occurrences under Rule 20); *Kedra v. City of Philadelphia*, 454 F. Supp. 652, 661 (E.D. Pa. 1978) (Series of alleged unlawful detentions, searching, and beatings, although occurring over a lengthy period of time, demonstrated a pattern of conduct requiring joinder.).

The claims against GM in this case, allegedly stem from the same series of transactions or occurrences, and joinder of all plaintiffs appears proper at this time. The complaint alleges that the vehicles in question were all manufactured by GM in the same year and are of the same make and model. The plaintiffs further allege that in all three incidents, the Antilocking Brake System and air bags malfunctioned causing various injuries to them. Thus, the controlling consideration is the extent of any product defects, and absolute identity of all events is not necessary.

■ Additionally, the charges share common questions of law and fact. All plaintiffs allege products liability against GM. The claimed defect in all cases is the malfunctioning of the brake system and the failure of the air bag system to deploy. Although there may be differences in the way the accidents happened or the injuries sustained by the plaintiffs, the existence of defective brake and air bag systems is central to all the cases. For purposes of Rule 20 joinder, claims need not all arise out of the same transaction or occurrence so long as there is common question of law or fact. *Lee Way Holding Co. v. Capital Conveyor*, 104 B.R. 881, 883 (S.D. Oh. 1989). Rule 20(a) only requires a single basis of commonality, either

395

in law or fact for joinder to be acceptable. *Mosley*, 497 F.2d at 1334; *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities*, 67 F.R.D. 634, 637 (Rule 20 does not require precise congruence of all factual and legal issues).

■ Because of the similar factual and legal issues which exist in this case, this court is not convinced that the different facts and evidence will be overwhelming for the jury or that GM will be unduly prejudiced by failure to sever. Accordingly, joinder of all plaintiffs in this case appears proper at this time.

Now therefore it is hereby

ORDERED that defendant GM's Motion to Sever is DENIED WITHOUT PREJUDICE. GM may reassert such motion if, subsequent to factual discovery and expert testimony, it appears that articulable differences in the claims predominate over the commonalities referred to above.