## In re MONON TELEPHONE COMPANY, INC.

The Monon Telephone Company, Inc., an Indiana Corporation, Plaintiff,

v.

Earl Bristol, Rick Cook, Brian Goodner, Paul Hardesty, James E. Johnson, and Chambler Wireman, Defendants.

No. 4:03 CV 0039.

United States District Court, N.D. Indiana, Hammond Division, at Lafayette.

Oct. 28, 2003.

Michael A. Wilkins, Ice Miller, Indianapolis, IN, Spencer D. Freeman PHV, Yarmuth, Wilsdon, Calfo PLLC, Seattle, WA, for Plaintiff.

Paul B. Overhauser, Greenfield, IN, Glenn D. Burkhart, DeMotte, IN, for Defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Defendant, Chambler Wireman ("Wireman") moves this Court, pursuant to Federal Rules of Civil Procedure 21 for an order dropping him as a party defendant from this case, or in the alternative, for an order severing the claim against him from each of the other claims asserted by the Plaintiff, The Monon Telephone Company, Inc., ("Monon") against the Defendants in this case.

### I. Background

In this action, Monon asserted claims against defendant Wireman for satellite television signal piracy. Monon further alleges that the Defendants have purchased devices designed primarily for the purpose of pirating DIRECTV's satellite transmissions, which Monon has the exclusive right to market. Monon has the exclusive right to market, sell, and retain revenue for providing DIRECTV satellite television programming throughout certain designated areas of the State of Indiana. The Defendant Wireman resides in Rensselaer, Indiana, which is within one of the designated areas to which Monon possesses such exclusive rights.

Piracy begins with the use of devices to modify the software in the microprocessor embedded in the DIRECTV Access Cards. Various companies and individuals have marketed pirated access cards in order to steal DIRECTV programming. Prior to the present action, DIRECTV executed a civil writ of seizure on May 25, 2001, and obtained business records from Fulfillment Plus, a California distribution center for illegal satellite signal theft devices. All of the Defendants in this action are alleged to have made purchases from one or more of the distributors that filled orders through the Fulfillment Plus warehouse. Business records seized from these sources allegedly reveal that the Defendants in this action have made purchases of illegal devices designed to illegally intercept DIRECTV satellite signals.

Monon alleges that Defendant Wireman purchased 6 signal theft devices. As a result of the evidence supplied by DIRECTV, Inc., Monon brought this action against Defendant Wireman alleging that he purchased these devices to permit viewing of DIRECTV programming, without authorization or payment to Monon. Monon has alleged that Wireman's actions, as well as the other Defendants, were in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. Section 605, and the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510–2521.

In response to Monon's Complaint, Wireman has moved for an order dismissing him from this lawsuit, or alternatively for an order severing the claims against him into a separate suit pursuant to Rule 21 of the Federal Rules of Civil Procedure. Monon claims however, that Wireman's motion for severance should be denied because Monon argues it has properly joined all defendants pursuant to Fed.R.Civ.P. 20. Such will be addressed by the Court at this time.

### II. Discussion

Federal Rule of Civil Procedure 20(a) provides in pertinent part:

All persons ... may be joined in one action as defendants if there is asserted

against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Permissive joinder is not however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be assert by or against each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action. When the requirements of Rule 20(a) are satisfied and joinder will not result in undue prejudice to a party, discretion is exercised in favor of joinder. *See, Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1011 (7th Cir.1988). Joinder is encouraged because it avoids a multiplication of lawsuits involving similar or identical issues. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332–33 (8th Cir.1974).

■ In the present case, this Court is persuaded that joinder is proper. The alleged actions of these Defendants, while undertaken independently of one another, are part of a series of similar occurrences, satisfying the first prong of Rule 20(a). Furthermore, Monon alleges that each Defendant purchased multiple illegal satellite signal pirate devices, through the same distribution center, and that each of these devices were primarily designed for the purpose of surreptitious interception of DIRECTV's satellite television programming. Based on this, Monon has satisfied the second prong of Rule 20(a), illustrating the existence of common issues of fact and law pertaining to each Defendant. It appears severance "would deter the efficient and orderly pursuit of this litigation ..." *See, Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 34 (N.D.Ill. 1980). Notably, even if this Court were to find that one or more of these Defendants were misjoined, the Plaintiff's cases against these Defendants could be consolidated un-

der Fed.R.Civ.P. 42(a) based on the common questions of fact and law in the interest of judicial economy and efficiency. *See, MLR, LLC v. U.S. Robotics Corp.*, 2003 WL 685504 (N.D.Ill. Feb.26, 2003). It should also be noted that the Western District of Washington, the Southern District of Ohio, and the Northern District of Iowa have each in turn denied motions to sever in cases similar to this. *See, DIRECTV v. Essex, et al.*, Case No. C02–5503RJB (W.D. Wash., Order dated November 14, 2002); *DIRECTV v. Ditmer, et al.*, Case No. C–1–03–132 (S.D. Ohio, Order dated June 6, 2003); *DIRECTV v. Ceriani, et al.*, No. C03–4046–MWB (N.D. Iowa, Order August 7, 2003).

Maintaining joinder of the present Defendants in this matter is consistent with the primary purpose of Rule 20(a). Therefore, Defendant Wireman's motion to drop or in the alternative to sever is **DENIED**.

**IT IS SO ORDERED.**