# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3391

_____

Mark Bitzan

*Plaintiff - Appellant*

Gary L. Buck

*Plaintiff*

v.

Jerry Bartruff, IDOC Director; John Baldwin, Former IDOC Director; Dorothy Faust, Religion Review Committee; Sheryl Dahm, Assistant IDOC Deputy Director; Jay Nelson, IDOC Religious Coordinator; Nick Ludwick, ISP Warden; Mark Roberts, ISP Deputy Warden; Rebecca Bowker, ISP Executive Officer; Mike Schierbrock, ISP A/W Treatment; Jill Johnson, ISP Administrative Assistant; Debbie Ferril, ISP Property; David DeGrange, ISP Investigator; Randy VanWye, ISP Investigator; Nikki Eaves, ISP Mailroom; Cynthia Phillips, ISP Mailroom; Berl Wilcox, ISP Segregation Unit Manager; Mike Eisnnicher, ISP Segregation Committee; Bradley Hoenig, ISP Segregation Committee

*Defendants - Appellees*

Statewide Religion Review Committee; Julie Johnson, ISP Former A/W Administration; Debbie Nichols; Jane Doe, ISP Mailroom

*Defendants*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: February 7, 2019
Filed: February 26, 2019
[Published]

_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Mark Bitzan appeals following the district court's grant of summary judgment for defendants on his claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). For the reasons stated below, we affirm in part, reverse in part, and remand the case for further proceedings.

Initially, we find no abuse of discretion in the court's order separating unrelated claims Bitzan initially raised from the claims in the underlying case. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (applying an abuse of discretion standard of review). As to the claims at issue here, we agree with the district court that Bitzan failed to administratively exhaust some claims, and that he failed to show a violation of his rights under RLUIPA and the First Amendment on the claims he exhausted. *See Williams v. City of Carl Junction*, 480 F.3d 871, 873 (8th Cir. 2007) (engaging in de novo review of summary judgment order); *Van Wyhe v. Reisch*, 581 F.3d 639, 656-58 (8th Cir. 2009) (explaining that to establish a substantial burden under RLUIPA, plaintiff must show the government action significantly constrains his religious conduct or expression, meaningfully curtails his ability to express adherence to his faith, or denies him reasonable opportunities to engage in activities that are fundamental to his religion; where inmate has not shown substantial burden under RLUIPA, claim fails under First Amendment as well).

We also agree the district court properly granted summary judgment on Bitzan's retaliation claims against VanWye, Nelson, Eaves, Dahm, and Bartruff, because Bitzan did not allege any facts connecting those defendants to the challenged actions. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (explaining § 1983 liability requires causal link to, and direct responsibility for, alleged deprivation of rights); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (recognizing "prison supervisors . . . cannot be held liable under § 1983 on a theory of respondeat superior," and may be liable only where their inaction amounts to deliberate indifference to or tacit authorization of violative practices).

We conclude that a genuine issue of material fact remained, however, as to Bitzan's retaliation claims against Schierbrock, DeGrange, Wilcox, Eisnnicher, Bowker, Roberts, and Jill Johnson. Bitzan presented evidence these specific defendants placed him in administrative segregation and prevented him from providing his attorney with legal documents shortly after he filed a previous lawsuit against prison officials (including Schierbrock, DeGrange, Bowker, and Roberts), and that they knew of the lawsuit. *See Spencer v. Jackson Cty.*, 738 F.3d 907, 911-13 (8th Cir. 2013) (to demonstrate retaliation, plaintiff must show he engaged in protected activity, government official took action against him that would chill person of ordinary firmness from continuing activity, and adverse action was motivated at least in part by exercise of protected activity; timing of housing demotion one day after filing grievance was strong evidence of retaliation, and defendants offered no non-retaliatory motive). Defendants offered no evidence justifying the adverse actions. *See Santiago v. Blair*, 707 F.3d 984, 993 (8th Cir. 2013) (defendant may defend retaliatory discipline claim by showing "some evidence" inmate actually committed rule violation).

Rather than offering evidence justifying the adverse actions, the Appellees argued the actions Bitzan claims were retaliatory could not have been such since they occurred prior to the filing of the lawsuit. However, this is simply not the case. The

administrative segregation occurred on or about May 7, 2014, and the lawsuit was filed on April 23, 2014. The Appellees brief fails to even address the administrative segregation despite Bitzan's clear argument that it was in retaliation for the lawsuit. Thus, an issue of material fact remains. We reverse the order of summary judgment and conclude that further proceedings are required on the retaliation claims against these defendants.

The judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion. We deny Bitzan's motion to supplement the record and his request for judicial notice, and dismiss the appeal as to defendant Ludwick due to his death.

LOKEN, Circuit Judge, concurring:

With regard to the remand of Mark Bitzan's retaliation claims against certain defendants, I question whether placing an inmate in administrative segregation, typically a non-punitive classification, can be actionable retaliation for his recently filing a lawsuit, and Bitzan's claim that defendants prevented him from providing his attorney with legal documents relating to the other lawsuit should be litigated in that lawsuit, not in a separate lawsuit alleging retaliation. However, as defendants only presented the district court with an inaccurate temporal defense to the retaliation claims, I have no choice but to concur in a remand for further proceedings on these claims. I join the court's opinion affirming dismissal of the remaining claims.

_____

-4-