Joan BRERETON, et al., Plaintiffs,

v.

COMMUNICATIONS SATELLITE
CORP., Defendant.

Civ. A. No. 86–3082.

United States District Court,
District of Columbia.

June 16, 1987.

Robert A.W. Boraks, Stephen C. Leckar of Boraks & Leckar, and Robert S. Bullock, Washington, D.C., for plaintiffs.

Robert J. Smith and Susan S. Sauntry of Morgan, Lewis & Bockius, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

In this suit, plaintiffs charge that defendant Communications Satellite Corporation ("COMSAT") has violated 42 U.S.C. § 1981 by engaging in a pattern or practice of race discrimination in nearly every aspect of its employment decisions. Among the plaintiffs is Ms. Charlotte Scott, formerly a Senior Employment Administrator, who was terminated when her position was "purportedly abolished." *Complaint* at ¶ 6. Defendant has moved, pursuant to Fed.R. Civ.P. 20 and 21, to sever Ms. Scott's claims from those brought by the other plaintiffs in this case. The Court must deny this motion.

Fed.R.Civ.P. 21 governs misjoinder of parties. Rule 21 states that misjoinder is not grounds for dismissal of an action but should be remedied by severance of the claims brought by the improperly joined party. *See, e.g., Securities and Exchange Commission v. National Student Marketing Corp.,* 360 F.Supp. 284, 295–96 (D.D.C. 1973). The Rule, however, is silent about the grounds for misjoinder.

The courts of this circuit have not elaborated the standards for determining when a party has improperly been joined in an action. Nonetheless, this Court's path is clear, as other courts have uniformly held that "parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *See* C.A. Wright, A. Miller, and M.K. Kane, *Federal Practice and Procedure: Civil* § 1683, at 443 (1986); *see also, e.g., Sabolsky v. Budzanoski,* 457 F.2d 1245 (3d Cir.), *cert. denied,* 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); *Wyndham Associates v. Bintliff,* 398 F.2d 614, 619–20 (2d Cir.), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Great American Insurance Co. v. Louis*

*Lesser Enterprises, Inc.,* 353 F.2d 997, 1001 (8th Cir.1965). The Court is also aware, and firmly believes, that Rule 21 must also be read in conjunction with Fed. R.Civ.P. 42(b), which allows the Court to sever claims in order to avoid prejudice to any party. *See Moore's Federal Practice* ¶ 21.05[2].

Defendant contends that it faces extreme prejudice if Ms. Scott's claim remains consolidated with the remainder of this suit. Defendant also argues by implication that Ms. Scott's claim is unrelated to the claims raised by the other defendants and is therefore improperly joined under Rule 20. The Court is not convinced by either argument.

Both arguments center on the fact that Ms. Scott had been employed by COMSAT as a Senior Employment Representative and in that capacity allegedly helped to develop and implement the very policies that are at the heart of this suit. Specifically, defendant contends that plaintiff "had the authority to, and did, hire personnel. She participated in salary surveys, administered employee benefits, and helped prepare, implement, and update Defendant's Affirmative Action Plan." *Reply to Plaintiff Scott's Opposition to Defendant's Motion to Sever,* at 2. These claims are not supported by the evidence before the Court.

First, plaintiff Scott's affidavit, on which defendant purports to rely, does not support defendant's claim that Scott was "intimately involved" in formulating the policies and implementing the practices that are challenged in this suit. Her affidavit unquestionably demonstrates knowledge about COMSAT's employment practices. *See Scott Affidavit,* ¶¶ 3–12. But that affidavit also unambiguously states that Ms. Scott had no authority to hire anyone without approval from a manager. *Id.* at ¶ 5–10, 13. And, although Ms. Scott admits that she participated in salary administration, she denies that her responsibility exceeded information-gathering. *Id.* at ¶ 15.

Even more telling is COMSAT's own description of Ms. Scott's position, which is attached to Ms. Scott's affidavit as Exhibit C. From that description, which was prepared long before this litigation began, it appears that Ms. Scott's primary responsibility was culling through employment applications to identify the candidates who were qualified for the job in question. *Id.* at Exhibit C (COMSAT Position Description) at 2. This search for minimally qualified applicants hardly amounts to the unbridled hiring authority that defendant now claims Ms. Scott possessed.

COMSAT's job description states that Ms. Scott was the Senior Employment Administrator but also refers to a "Senior Employment Representative." The Court cannot tell whether Ms. Scott filled that position, but its conclusion would remain the same if Ms. Scott had filled that post. COMSAT states that "[t]he Senior Employment Representative recommends the hiring of non-exempt clerical and technical personnel for the R & D Division." *Id.* Even if Ms. Scott served in this capacity, the Court has no way of knowing whether her recommendations were accepted, whether she was able to recommend one candidate for each position or had to submit a list of all basically qualified candidates, whether she operated within stringent guidelines or could exercise her best judgment with respect to which candidate would be best for each job.

■ Ms. Scott admits supervising one employee and assisting with preparation of COMSAT's affirmative action plan. Neither duty compels the Court to find that Ms. Scott was a party to the discrimination that plaintiffs allege. First, Ms. Scott states that she was "not consulted in [the] decision" to fire her supervisee, thereby suggesting that she did not control the employment decision. *Id.* at ¶ 14. Moreover, the affirmative action plan itself is not at issue in this case. Plaintiffs contend that COMSAT has engaged in a pattern or practice of employment discrimination in "hiring and internal employment matters." *Complaint* at ¶ 1. Such discrimination may well be, and logically must be, in derogation of the affirmative action plan. Thus, Ms. Scott's role in formulating the plan is irrelevant to the instant litigation.

■ With Ms. Scott's duties placed in proper perspective, the Court can easily dispose of defendant's motion. First, joinder is proper under Fed.R.Civ.P. 20(a) and 21. Ms. Scott is not prevented, by virtue of her former position, from asserting that her claim raises a question of law or fact common to all the parties and that her right to relief arises out of the same series of occurrences—the same pattern or practice of discrimination—that gave rise to the claims of Ms. Scott's co-plaintiffs. *See Federal Practice and Procedure* at § 1653. And the Court can discern nothing in the facts before it to suggest that defendant would be prejudiced, by virtue of plaintiff Scott's former position, if Ms. Scott's suit were to remain attached to the suits of her co-plaintiffs.

■ Defendant maintains that severance is necessary to cure another type of prejudice as well. Defendant contends that Ms. Scott retained certain privileged and confidential documents that she obtained in the course of her employment. Whether true or not, this is not grounds for severance of Ms. Scott's claim.

Accordingly, the Court must deny, without prejudice, defendant's motion to sever the claims of plaintiff Charlotte Scott. The Court will issue an Order, of even date herewith, memorializing this finding.