v.

**George TENET, Director, Central Intelligence Agency, et al., Defendants.**

**No. CIV.A. 99–0095(RMU).**

United States District Court, District of Columbia.

July 30, 2002.

---

### MEMORANDUM OPINION

GRANTING THE PLAINTIFFS' MOTION TO
AMEND THE COMPLAINT; DENYING THE
DEFENDANTS' MOTION TO SEVER

URBINA, District Judge.

## I. INTRODUCTION

Employees of the United States Central Intelligence Agency ("CIA") brought this as-yet-uncertified class action against that agency, that agency's director, George Tenet, and 30 unnamed "John and Jane Does" (collectively "the defendants"). In a four-count amended complaint, six plaintiffs allege that the CIA violated the Privacy Act of 1974, as amended, 5 U.S.C. § 552a ("Privacy Act"), and several of their constitutional rights. In a proposed second amended complaint, which is a subject of this memorandum opinion, 15 plaintiffs altogether [1] allege that the CIA obstructs the plaintiffs' efforts to obtain assistance of counsel, thereby causing an invasion of privacy among other alleged violations of the Constitution. Additionally, the proposed second amended complaint states that beginning in 1997, the defendants' policy and practice associated with the alleged obstruction of counsel violates the Privacy Act. Furthermore, the plaintiffs claim that the defendants' alleged practice of obstruction of counsel violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq* ("Title VII"). Before the court is the plaintiffs' motion to amend the complaint with their proposed second amended complaint pursuant to Federal Rule of Civil Procedure 15, and the defendants' motion to sever the claims of the six existing plaintiffs pursuant to Federal Rule of Civil Procedure 21. After consideration of the parties' submissions and the relevant law, the court grants the plaintiffs' motion to amend the complaint and denies the defendants' motion to sever.

## II. BACKGROUND

### A. Factual Background

On January 13, 1999, plaintiffs M.K. and Evelyn M. Conway filed the complaint initiating the present action. On April 12, 1999, the plaintiffs filed an amended complaint adding M.D.E., R.B., Grace Tilden, Vivian Green, and George D. Mitford as plaintiffs.[2] By order dated August 4, 1999, the court approved the voluntary dismissal without prejudice of plaintiff Green's claims. Order dated August 4, 1999. By order dated March 3, 2000, the court approved the voluntary dismissal without prejudice of plaintiff M.D.E.'s claims. Order dated March 3, 2000. On November 30, 2001, the plaintiffs filed a proposed second amended complaint adding

---

1. The court notes that the second amended complaint seeks to add nine plaintiffs to the six existing plaintiffs currently involved in this case.

2. The court notes for the record that several of the plaintiffs' names as they appear in this opinion are official pseudonyms assigned by the CIA.

J.T., J.B., C.B., P.C., P.C.1., C. Lynn, Nathan (P), Elaine Livingston (P), and Betty E. Yales (P) as nine new plaintiffs.[3] Second Am. Compl. ("2d Am. Compl.") at 2 n. 2. The court identifies the six existing plaintiffs as M.K., Conway, Tilden, R.B., C.T., and Mitford. Beginning in 1997 and continuing to the present, the plaintiffs claim that the defendants' acts and omissions in denying the plaintiffs access to effective assistance of counsel violate the plaintiffs' rights under the First, Fourth, Fifth, and Ninth Amendments of the United States Constitution, the Privacy Act, and Title VII.2d Am. Compl. ¶¶ 2–5, 444. Specifically, the nine new plaintiffs, in addition to the six existing plaintiffs, allege in the second amended complaint that the defendants' September 4, 1998 notice entitled "Access to Agency Facilities, Information, and Personnel by Private Attorneys and Other Personal Representatives" deprives the plaintiffs' counsel access to "official information" pertaining to the plaintiffs' employment matters. *Id.* ¶ 23. The defendants' invocation of the September 4, 1998 notice has allegedly resulted in a denial of the plaintiffs' access to CIA documents, policies, procedures, and regulations, thereby preventing counsel from effectively advising the plaintiffs of their rights. *Id.* The plaintiffs claim that the defendants have "willfully and intentionally failed to maintain accurate, timely, and complete records pertaining to the plaintiffs in their personnel, security, and medical files so as to ensure fairness to [the] plaintiffs, thus failing to comply with 5 U.S.C. § 552a(e)(5) [of the Privacy Act]." Am. Compl. ¶ 116. What follows are the six existing plaintiffs' factual allegations relating to the inaccuracy of the records in question.

Plaintiff M.K. complains of a letter of reprimand placed in her personnel file in April 1997, which concerns her responsibility for the loss of top-secret information contained on laptop computers sold at an auction. *Id.* ¶¶ 15, 116a. Plaintiff Conway complains of a finding by the CIA Human Resources Staff or Personnel Evaluation Board concerning her ineligibility for foreign assignment. *Id.* ¶¶ 23, 116b. Plaintiff Conway additionally

avers that the CIA notified her of this finding in March 1997. *Id.* ¶ 23.

Plaintiff C.T. complains of a Board of Inquiry determination that she was not qualified for the position she held with the CIA. *Id.* ¶¶ 67, 116e. This Board of Inquiry convened after "early 1998." *Id.* ¶¶ 66–67. Plaintiff Mitford complains of receiving two negative Performance Appraisal Reports and two negative "spot reports" on unspecified dates in 1997, allegedly based on false information. *Id.* ¶¶ 81, 116g. Plaintiff R.B. complains of inaccurate counter-intelligence and polygraph information contained in his file. *Id.* ¶ 116f. Plaintiff R.B.'s last polygraph exam took place in February 1996. *Id.* ¶ 76. Plaintiff Tilden makes no allegations relating to Count IV of the amended complaint ("Violation of the Privacy Act").

### B. Procedural History

On March 24, 1999, the defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6). On March 23, 2000, this court issued a Memorandum Opinion and supplemental order granting in part and denying in part the defendants' motion to dismiss. *M.K. v. Tenet,* 99 F.Supp.2d 12 (D.D.C.2000); Order dated Mar. 23, 2000. On April 20, 2001, the defendants filed a "motion for reconsideration" of that ruling pursuant to Federal Rule of Civil Procedure 54(b), seeking to dismiss the plaintiffs' remaining due process and Privacy Act claims. On November 30, 2001, the plaintiffs filed a motion for leave to file the second amended complaint along with the proposed second amended complaint. On December 3, 2001, this court issued a Memorandum Opinion and supplemental order granting in part and denying in part the defendants' motion for reconsideration under Rule 54(b). *M.K. v. Tenet,* 196 F.Supp.2d 8 (D.D.C.2001); Order dated Dec. 3, 2001. On December 4, 2001, this court set out the parties' filing deadlines in its "Initial Scheduling and Procedures Order." Order dated Dec. 4, 2001. On January 2, 2002, the defendants filed their instant motion to sever the claims of the six existing plaintiffs pursuant to Federal Rule of Civil Procedure 21. On

---

**3.** According to the plaintiffs, the notation "(P)" indicates that the preceding name is a litigation

pseudonym assigned by the CIA to a covert employee. Second Amended Compl. at 1 n. 1.

March 6, 2002, the plaintiffs filed a certificate of notification informing the CIA and the court of the 30 Doe defendants' identities. For the reasons that follow, the court grants the plaintiffs' motion to amend the complaint and denies the defendants' motion to sever.

## III. ANALYSIS

### A. Legal Standard for a Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." FED. R. CIV. P. 15(a). Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.; see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The D.C. Circuit has held that for a trial court to deny leave to amend is an abuse of discretion unless the court provides a sufficiently compelling reason, such as "undue delay, bad faith, or dilatory motive[,] . . . repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227). The court may also deny leave to amend the complaint if it would cause undue prejudice to the opposing party. *Foman,* 371 U.S. at 182, 83 S.Ct. 227. In sum, a district court has wide discretion in granting leave to amend the complaint.

A court may deny a motion to amend the complaint as futile when the proposed complaint would not survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996) (internal citations omitted). When a court denies a motion to amend a complaint, the court must base its ruling on a valid ground and provide an explanation. *Id.* "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could

not withstand a motion to dismiss." 3 Moore's Federal Practice § 15.15[3] (3d ed.2000).

### B. Legal Standard for Severance

Claims against different parties can be severed for trial or other proceedings under Federal Rules of Civil Procedure 20(b), 21, and 42(b). *In re Vitamins Antitrust Litig.,* 2000 WL 1475705, at 16–17, 2000 U.S. Dist. LEXIS 7397, at * 74 (D.D.C.2000) (Hogan, J.). Specifically, Federal Rule of Civil Procedure 21 governs the misjoinder of claims. *Brereton v. Communications Satellite Corp.,* 116 F.R.D. 162 (D.D.C.1987) (Richey, J.) (holding that an appropriate remedy for misjoinder is severance of claims brought by the improperly joined party). Rule 21 provides, in relevant part:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

FED. R. CIV. P. 21. In determining whether the parties are misjoined, the joinder standard of Federal Rule of Civil Procedure 20(a) applies. Rule 20(a) provides, in relevant part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

The purpose of Rule 20 is to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it. *Anderson v. Francis I. duPont & Co.,* 291 F.Supp. 705, 711 (D.Minn.1968). The determination of a motion to sever is within the discretion of the trial court. *In re Nat'l Student Marketing Litig.,* 1981 WL 1617, at *10 (D.D.C.1981)

(Parker, J.); *Bolling v. Mississippi Paper Co.*, 86 F.R.D. 6, 7 (N.D.Miss.1979).

■ There are two prerequisites for joinder under Rule 20(a): (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974). "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." *Id.*

■ Additionally, "the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay." *Id.; see also Brereton*, 116 F.R.D. at 163 (stating that Rule 21 must be read in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party). The court may also consider whether severance will result in less jury confusion. *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1063 (S.D.Tex.1996) (directing in part that the claims of former employees from separate offices, which al-

leged various combinations of race, age, and national origin discrimination be severed because the claims were "highly individualized" and would be "extraordinarily confusing for the jury"); *but see In re Vitamins Antitrust Litig.*, 2000 WL 1475705, at 17, 2000 U.S. Dist. LEXIS 7397, at *75–76 (stating that courts "consistently deny motions to sever where [the] plaintiffs allege that [the] defendants have engaged in a common scheme or pattern of behavior" (citing *Brereton*, 116 F.R.D. at 164)).

### C. The Court Grants the Plaintiffs' Motion to Amend the Complaint

■ The plaintiffs ask this court for leave to file their second amended complaint in order "to address deficiencies found by the [c]ourt and to avail themselves of favorable intervening precedent," referring to the D.C. Circuit's decision in *Jacobs v. Schiffer*, 204 F.3d 259 (D.C.Cir.2000).[4] Pls.' Mot. at 2, 5. The plaintiffs state that the D.C. Circuit's decision in *Jacobs* supports the plaintiffs' claim that the defendants have violated the plaintiffs' First Amendment rights by not allowing the plaintiffs to disclose to their attorneys government documents that are available to the plaintiffs.[5] *Jacobs*, 204 F.3d

---

**4.** In *Jacobs*, the plaintiff, a Department of Justice ("DOJ") Attorney, retained private counsel to assist him in determining whether to file a complaint of wrongdoing against the DOJ Inspector General ("the defendant"). The defendant claimed that any disclosure of government documents to a third party, including the plaintiff's attorney, would require preapproval by the defendant under the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. § 552. *Jacobs*, 204 F.3d at 261. The D.C. Circuit stated that "communication of government information by a federal government employee to the employee's attorney, where the attorney is bound to keep such information confidential, is not a public disclosure of such information ... the employee enjoys rights under the First Amendment to engage in such communications ...." *Id.* at 264. Quoting *Martin v. Lauer*, 686 F.2d 24, 34 (D.C.Cir.1982) ("*Martin I*"), the D.C. Circuit recognized that "the government may protect its interest in prohibiting public disbursal of any sensitive information without intruding on the employee's substantial interest in freely discussing his legal rights with his attorney." *Jacobs*, 204 F.3d at 265.

**5.** The court recognizes the "well-established [rule] that restrictions on the First Amendment

rights of public employees are to be tested by balancing the employees' interest in the speech against the government's interest in the restriction." *Martin v. Lauer*, 740 F.2d 36, 45 (D.C.Cir. 1984) ("*Martin II*") (citing *Pickering v. Board of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). The court, however, need not employ a balancing test at this stage of the case. Rather, the court only needs to determine if the plaintiffs' proposed amendment would be futile. Futility is determined by whether the proposed amended complaint would survive a Federal Rule of Civil Procedure 12(b)(6) motion. 3 Moore's Federal Practice § 15.15[3] (3d ed.2000) (citing *Sinay v. Lamson & Sessions, Co.*, 948 F.2d 1037, 1041–42 (6th Cir.1991)). In this case, the court must view all the facts in the light most favorable to the plaintiffs. *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating that a court should grant leave to amend whenever there are facts that state a valid legal claim and thereby support amendment)). In conjunction with the *Pickering* and *Martin* line of precedent, it is conceivable that the plaintiffs' amendment is not futile because it contains "facts [that]

at 261; Pls.' Mot. at 5. Additionally, the plaintiffs seek to "address subsequent arguments raised by [the][d]efendants in their [m]otion for [r]econsideration filed on April 20, 2001, and to add additional claims and [p]laintiffs, all related through [the][d]efendants' pattern and practice of obstruction of counsel." Pls.' Mot. at 2. Also, the plaintiffs seek to expand their allegations of the defendants' violations of their right to effective assistance of counsel under the First Amendment to a "wide range of wrongful conduct," as compared to the "plaintiffs' initial allegations that the defendants merely refused to provide access to government documents." *Id.* at 5.

The defendants challenge the plaintiffs' proposed amendment asserting that the plaintiffs' "factually diverse" claims are unrelated to each other. Defs.' Opp'n at 1–2. Specifically, the defendants argue that "neither the existing six plaintiffs nor the proposed nine plaintiffs have alleged claims factually in common with one another." *Id.* According to the defendants, the "wide range of wrongful conduct" that the plaintiffs allege in their proposed second amended complaint arises out of "unique sets of facts and circumstances, involving completely different types of [a]gency actions, proceedings or personnel matters, such as employment terminations, revocations of security clearances, forced resignations, disciplinary proceedings, failure to obtain promotions ... and retaliation." *Id.* The plaintiffs' proposed second amended complaint, however, cites to numerous obstruction-of-counsel situations, including denying counsel access to requested CIA policies, procedures, and documents upon request. 2d Am. Compl. ¶¶ 24–27, 36–37, 64. Additionally, the plaintiffs allege that when they requested the presence of counsel, the defendants failed to accommodate that re-

quest and attempted to restrict the plaintiffs' access to counsel. *Id.* ¶¶ 59, 62, 65.

The defendants counter that they would suffer "undue prejudice" if the court grants the plaintiffs' motion to amend. Defs.' Opp'n at 6 (citing *Atchinson v. District of Columbia,* 73 F.3d 418, 425 (D.C.Cir.1996) (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227)). The defendants further assert that the burden on the defendants "against fifteen substantially different sets of facts and legal arguments in one case far outweighs any practical benefit that might accrue from considering" the cases of the six existing plaintiffs and the nine new plaintiffs. *Id.*

**1. The Plaintiffs Have Not Repeatedly Failed to Cure Deficiencies by Previous Amendments**

■■■ The plaintiffs seek leave to amend their complaint to address prior deficiencies[6] named by the court in its March 2000 Memorandum Opinion and to avail themselves of intervening legal precedent. Pls.' Mot. at 5. As such, the court deems these justifications reasonable and concludes that the deficiencies that the plaintiffs seek to address are not "repeated failure[s] to cure deficiencies by amendments previously allowed." *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

■■■ In determining whether undue prejudice will result, however, the D.C. Circuit has suggested that the court consider whether amendment of a complaint would require additional discovery. *Atchinson,* 73 F.3d at 426 (citing *Alley v. Resolution Trust Corp.,* 984 F.2d 1201, 1208 (D.C.Cir.1993) (remanding the case for the district court to allow amendment where the plaintiffs assured the court of appeals that additional discovery would be unnecessary)). If additional discovery will result, then this factor may weigh negatively on the plaintiffs' instant motion to

---

support relief." *Id.* at 123; *Martin I,* 686 F.2d at 26; *Martin II,* 740 F.2d at 36.

**6.** The plaintiffs' "prior deficiencies" that they seek to remedy through the instant motion refer to the court's March 2000 dismissal of three of the plaintiffs' claims. Pls.' Mot. at 3. In dismissing those three claims, the court held that: (1) the plaintiffs lacked standing to assert a Fifth Amendment Equal Protection challenge to the CIA's September 4, 1998 notice; (2) the plaintiffs

failed to exhaust their administrative remedies before seeking to compel the defendants to amend records under the Privacy Act, 5 U.S.C. § 552a(d)(3), and; (3) the plaintiffs failed to assert a First Amendment violation by specifically alleging only that they were prevented from disclosing government documents to their counsel, which invokes no protected First Amendment right. *M.K.,* 99 F.Supp.2d at 28–30, 36; Pls.' Mot. at 3.

amend the complaint. *Id.* The plaintiffs point out that the case at bar has yet to enter the discovery stage. Pls.' Reply at 1–2. The defendants, however, fear the potential burdens associated with excessive discovery and argue that the "myriad claims presented by each plaintiff and the number of defendants" in the second amended complaint would make it "incredibly burdensome to prepare an answer, conduct discovery, or file a dispositive motion." Defs.' Opp'n at 26. Furthermore, the defendants argue that "discovery in a case that essentially challenges and finds fault with nearly every [a]gency proceeding and practice would be unmanageable, particularly where the business of the defendant is national security and intelligence gathering." *Id.* at 28. But the defendants misconstrue the additional discovery factor as one that discourages discovery altogether. In a case such as this in which discovery has yet to occur, it would defy logic to deny the plaintiffs an opportunity to amend the complaint on the basis that additional discovery will result. While it is conceivable that a great deal of discovery may result from the addition of new claims, 30 defendants, and nine plaintiffs in the proposed second amended complaint, this does not constitute evidence of undue prejudice to deny the plaintiffs' instant motion. *Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) (stating that the plaintiffs did not unduly prejudice the defendants because the plaintiffs requested leave to amend when no trial date was set by the court and the defendants had not filed a motion for summary judgment).

### 2. The Plaintiffs' Proposed Second Amended Complaint Satisfies Rule 8's Requirements

The defendants challenge the plaintiffs' proposed second amended complaint under Federal Rule of Civil Procedure Rule 8, stating that the plaintiffs' pleading "is not a pleading [that] [the] defendants can reasonably answer or that can reasonably be expected to control discovery." Defs.' Opp'n at 26. In Atchinson, the D.C. Circuit stated that Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." 73 F.3d at 421. Additionally, Rule 8(e) states that "each averment of a pleading shall be simple, concise, and direct" and further instructs courts to construe "all pleadings ... to do substantive justice." FED. R. CIV. P. 8(e); *Atchinson*, 73 F.3d at 421. Accordingly, "under the Federal Rules, the purpose of pleading is simply to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,' not to state in detail the facts underlying the complaint." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C.Cir.1983)).

In this case, the plaintiffs' first amended complaint was 44 pages in length compared to the plaintiffs' proposed 219–page second amended complaint. *Compare* Am. Compl. *to* 2d Am. Compl. Although the defendants insist that the court should strike the plaintiffs' proposed second amended complaint, the defendants fail to point out any specific Rule 8 violations. Defs.' Opp'n at 27. Stating only that the second amended complaint is a "detailed and lengthy pleading," the defendants also cite to several cases where courts have denied amendment on a variety of distinguishable grounds. *Id.* at 26–27 (citations omitted).[7]

The court concludes that the length of the plaintiffs' proposed second amended complaint is reasonable, considering that the plaintiffs have added new claims, new plaintiffs, and new defendants. In the plaintiffs' second amended complaint, each of the 15 plaintiffs' individual averments are approximately 12 pages in length, while the remainder of the second amended complaint requests several forms of relief and alleges common questions of law and fact. 2d Am.

---

7. The court notes that the defendants' opposition brief fails to state how any of the defendants' cited cases are analogous to the facts of the instant case. In other words, the defendants cite to cases without providing any analysis as to how those cases could apply to the instant case or how those cases could persuade this court to rule in the defendants' favor. Without more than conclusory statements advanced by the defendants, the court deems the defendants' position unqualified and insufficiently supported by legal authority.

Compl. ¶¶ 14–555. While the plaintiffs certainly could "state [in less] detail the facts underlying" their claims, the court notes that most of the individual paragraphs of their proposed second amended complaint are "simple, concise, and direct." FED. R. CIV. P. 8(e); *Atchinson*, 73 F.3d at 421. For example, in stating facts to construe her privacy act claim, plaintiff Tilden states in the second amended complaint that:

> [o]n or about August 8, 2000, [p]laintiff Tilden reviewed her CIA Office of Medical Services ("OMS") file and first learned that it omit[t]ed a favorable psychological evaluation performed on her in 1993, which determined [that] she was fit for overseas assignment. Upon inquiry, OMS advised her to examine her medical file to locate the psychological evaluation.

2d Am. Compl. ¶ 157. Moreover, the court follows Rule 8(e)'s mandate that courts must construe "all pleadings . . . to do substantive justice." FED. R. CIV. P. 8(e); *Atchinson*, 73 F.3d at 421. In doing so, the court determines that there is no basis for the defendants' Rule 8 challenge.

Indeed, to bar the plaintiffs from amending their complaint would contravene Rule 15(a)'s underlying policy of granting leave to amend freely as justice requires. *Foman*, 371 U.S. at 182, 83 S.Ct. 227. This is not to say that in every instance, the court must allow the requested amendment, but to conclude otherwise in this case would positively bar the plaintiffs from asserting claims that may prove meritorious. Besides, as stated earlier, the case has yet to enter the discovery phase, which distinguishes this case from other cases where amendment is sought after discovery has started or closed. *Atchinson*, 73 F.3d at 426 (citing *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 247–48 (D.C.Cir.1987) (affirming a district court's denial of leave to amend more than seven years after the filing of the initial complaint because new discovery was necessary)); *Alley*, 984 F.2d at 1208.

**8.** In this section of its opinion, when referring to the "six existing plaintiffs," the court refers to those plaintiffs that were party to this litigation prior to the second amended complaint's addition of the nine new plaintiffs. As such, the

## D. The Court Denies the Defendants' Motion to Sever the Claims of the Six Existing Plaintiffs

The court now addresses the defendants' instant motion to sever. In the defendants' view, the plaintiffs' obstruction-of-counsel claim consists of "a series of unrelated, isolated grievances, unique to each plaintiff, each of which would have to be decided on its own set of law and facts, and each potentially presenting a 'novel' constitutional claim." Defs.' Reply at 1 (quoting *M.K.*, 99 F.Supp.2d at 30). Thus, the defendants ask this court to sever the claims of the six existing plaintiffs [8] under Federal Rule of Civil Procedure 21. Defs.' Mot. at 5, 8. By the same token, the defendants ask the court to deny the plaintiffs' proposed Rule 20 joinder of the nine new plaintiffs and the 30 new "Doe" defendants. Defs.' Mot. at 3.

The plaintiffs, however, argue that the court should not sever the six existing plaintiffs because both prongs of Rule 20(a)'s joinder requirement are satisfied. The court need not extensively address the joinder of the six existing plaintiffs' new claims because the court is convinced that under the unrestricted joinder provision of Federal Rule of Civil Procedure 18, such joinder of new claims is possible. 3 Moore's Federal Practice § 21.02[1] (3d ed.2000). To wit, it suffices to state that "Rule 18 permits the claimant to join all claims the claimant may have against the defendant regardless of transactional relatedness." *Id.* As such, the court focuses its analysis on the Rule 20 joinder issue raised by the defendants.

The plaintiffs cite to the first prong of Rule 20(a), also known as the "transactional test," and argue that the defendants' acts and omissions pertaining to the plaintiffs' obstruction-of-counsel claims are "logically related" events that the court can regard as "arising out of the same transaction, occurrence or series of transactions or occurrences." FED. R. CIV. P. 20(a); Pls.' Reply at 10 (quoting *Mosley*, 497 F.2d at 1333). In

phrase "six existing plaintiffs" only includes plaintiffs M.K., Conway, Tilden, R.B., C.T., and Mitford. This term is consistent with the terminology employed by the parties in their respective briefs.

citing to *Mosley*, the plaintiffs assert that "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley*, 497 F.2d at 1330 (citing 7 C. Wright, Federal Practice & Procedure § 1653 at 270 (1972 ed.)); Pls.' Reply at 15.

The court agrees with the plaintiffs' assertion that "logically related" events may consist of an alleged "consistent pattern of . . . obstruction of security-cleared counsel by [the] [d]efendants." 2d Am. Compl. ¶ 430. Specifically, each of the existing plaintiffs allege that they were injured by the defendants through employment-related matters, such as retaliation, discrimination, and the denial of promotions and overseas assignments. 2d Am. Compl. ¶¶ 36–37, 64–65, 129–30, 132–33, 140, 142, 148–49, 154, 156, 176–77, 190, 200, 209–12, 221, 224, 229–30, 232. After each employment dispute began, each of the plaintiffs or the plaintiffs' counsel sought access to employee and agency records. *Id.* The defendants, however, denied and continue to deny the plaintiffs and/or their counsel access to the plaintiffs' requested information. *Id.* As such, without this relevant information, the plaintiffs cannot effectively prepare or submit administrative complaints to the defendants or attempt to seek legal recourse through the applicable Title VII discrimination, Privacy Act, or First, Fifth, and Seventh Amendment claims. *Id.* The court concludes that the alleged repeated pattern of obstruction of counsel by the defendants against the plaintiffs is "logically related" as "a series of transactions or occurrences" that establishes an overall pattern of policies and practices aimed at denying effective assistance of counsel to the plaintiffs. *Mosley*, 497 F.2d at 1331, 1333; Pls.' Reply at 16. In this case, each plaintiff alleges that the defendants' policy and practice of obstruction of counsel has damaged the plaintiffs. *Id.* Further, each plaintiff requests declaratory and injunctive relief. 2d Am. Compl. ¶ 465. Thus, the court determines that each plaintiff in this case has satisfied the first prong of Rule 20(a). FED. R. CIV. P. 20(a); *see also Mosley*, 497 F.2d at 1331, 1333.

■ Turning to the second prong of Rule 20(a), the plaintiffs aver that each of their claims are related by a common question of law or fact. FED. R. CIV. P. 20(a); Pls.' Reply at 15. Specifically, one question of law or fact that is common to each of the six existing plaintiffs is whether the defendants' September 4, 1998 notice restricting the plaintiffs' counsel from accessing records intruded on the plaintiffs' substantial interest in freely discussing their legal rights with their attorneys. *Jacobs*, 204 F.3d at 265 (quoting *Martin*, 686 F.2d at 32); 2d Am. Compl. ¶ 23. Indeed, the question of law or fact that is common to all may be whether the "defendants have engaged in a common scheme or pattern of behavior" that effectively denies the plaintiffs' legal right to discuss their claims with their counsel. FED. R. CIV. P. 20(a); *In re Vitamins Antitrust Litig.*, 2000 WL 1475705, at 17, 2000 U.S. Dist. LEXIS 7397, at *75–76; *Brereton*, 116 F.R.D. at 164. The plaintiffs also allege that the defendants' policy or practice of obstruction of counsel "is implemented through [a] concert of action among CIA management and the Doe Defendants," who are now named in the second amended complaint. Pls.' Reply at 16; 2d Am. Compl. ¶¶ 547–52. In light of the aforementioned common questions of law and fact, the court concludes that the plaintiffs meet the second prong of Rule 20(a). FED. R. CIV. P. 20(a).

The court need not stop here in its Rule 20(a) analysis. Indeed, it appears that there exists a further basis supporting the plaintiffs' position challenging severance; Each plaintiff alleges common claims under the Privacy Act. Pls.' Reply at 22. Specifically, the plaintiffs' second amended complaint alleges that the defendants "maintained records about the plaintiffs in unauthorized systems of records in violation of § 552a(e)(4) of the Privacy Act" and that the defendants "failed to employ proper physical safeguards for records in violation of § 552a(e)(10) of the Privacy Act." *Id.;* 2d Am. Compl. ¶¶ 472, 477. The plaintiffs also allege that the defendants wrongfully denied the plaintiffs and plaintiffs' counsel access to records in violation of § 552a(d)(1) of the Privacy Act and "illegally maintained specific records describing their First Amendment activities in violation of § 552a(e)(7) of the Privacy Act." 2d Am.

Compl. ¶¶ 444, 489, 508–17; Pls.' Reply at 22. Furthermore, the plaintiffs' first amended complaint contains similar allegations. Through their alleged Privacy Act violations, the plaintiffs are united by yet another "question of law or fact" that is common to each of them. FED. R. CIV. P. 20(a). Accordingly, the court concludes that the plaintiffs satisfy the second prong of Rule 20(a) and, thus, the court denies the defendants' motion to sever.

On a final note, in denying the defendants' motion to sever, the court defers to the policy underlying Rule 20, which is to promote trial convenience, expedite the final determination of disputes, and prevent multiple lawsuits. *Mosley*, 497 F.2d at 1332. Indeed, the Supreme Court addressed this important policy in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), stating that "[u]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *Id.* at 724, 86 S.Ct. 1130. In accordance with *Gibbs*, the court believes that the joinder or non-severance of the six existing plaintiffs and their new claims under Rule 20(a) will promote trial convenience, expedite the final resolution of disputes, and act to prevent multiple lawsuits, extra expense to the parties, and loss of time to the court and the litigants in this case. *Gibbs*, 383 U.S. at 715, 86 S.Ct. 1130; *Anderson*, 291 F.Supp. at 711. For this added reason, the court denies the defendants' motion to sever.

### IV. CONCLUSION

For all of the foregoing reasons, the court grants the plaintiffs' motion to amend and denies the defendants' motion to sever. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this *30th* day of July 2002.

### *ORDER*

#### GRANTING THE PLAINTIFFS' MOTION TO AMEND THE COMPLAINT; DENYING THE DEFENDANTS' MOTION TO SEVER

For the reasons stated in this court's Memorandum Opinion separately and con-temporaneously issued this *30th* day of July 2002, it is

**ORDERED** that the plaintiffs' motion for leave to file the second amended complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the defendants' motion to sever is **DENIED**; and it is

**ORDERED** that the defendants file a response to the plaintiffs' second amended complaint within 60 days from the date of this order.

**SO ORDERED.**