Janice GRANT, et al., Plaintiffs,

v.

Michael SALEM, et al., Defendants.

No. CIV.02–181(RJL).

United States District Court,
District of Columbia.

Jan. 19, 2004.

John David Quinn, Stephen Sale, Claxton, Sale & Quinn, P.C., Washington, DC, for Plaintiffs.

Matthew P. Maloney, James Patrick Gleason, Jr., Gleason, Flynn, Eming & Fogleman, Edward S. Horowitz, H. Kenneth Armstrong, Armstrong, Donohue, Ceppos & Vaughan, Rockville, MD, Amy B. Heinrich, Thomas Vincent Monahan, Jr., Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

The three plaintiffs in this case, Sharon Boone ("Boone"), Janice Grant ("Grant"), and Helen Jones [1] ("Jones"), have filed suit against Michael Salem, M.D. ("Salem") and George Washington University ("GWU"), and the Medical Faculty Associates, Inc. ("MFA"), alleging that Dr. Salem was negligent in performing Roux–en–Y bypass on each of the plaintiffs and that the continuing medical care they received from Dr. Salem and other physicians at GWU and MFA was likewise negligent.[2] Dr. Salem and GWU filed a motion, which MFA seeks to join, to sever the claims of the plaintiffs under Rule 20 of the Federal Rules of Civil Procedure, or, in the alternative, for separate trials of the claims under Rule 42. After consideration of the parties' submissions and the relevant law, the Court grants the motion to sever the claims of the plaintiffs.

According to Rule 20(a), Permissive Joinder of Parties, plaintiffs can "join together in one action if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a). If the Court finds that a party is found to be misjoinder,

1. Helen Jones died on April 17, 2003. Barbara Givens, Administratric of the Estate of Helen Jones has been substituted as party plaintiff in her place.

2. Dr. Salem was an employee of GWU at the time that he performed the surgical procedures on plaintiffs. Plaintiffs received continuing medical care from Dr. Salem for a period and then from physicians at MFA. District Health Partners, LP, t/a The George Washington University Medical Center was named in the complaint but was dismissed from this case by an agreed order entered on January 14, 2003.

**2**

i.e. they have not satisfied one or both of the conditions of Rule 20, then the Court will not dismiss the case, but instead it will remedy the misjoinder by "severance of the claims brought by the improperly joined party." *Brereton v. Communications Satellite Corp.*, 116 F.R.D. 162, 163 (D.D.C.1987); Fed. R. Civ. R. 21. The plaintiffs argue that although the surgeries were performed over a period of fifteen months, under varying circumstances (i.e. each plaintiff's unique medical history) and with different results, Dr. Salem performed each surgery to the same specifications and therefore the claims should be considered to be part of the same series of transactions or occurrences. The Court is unpersuaded. Although each trial will involve some overlap of expert testimony, the facts and circumstances of each plaintiff's claim vary so substantially that the Court concludes that they fail to satisfy the requirements of Rule 20. Accordingly, the Court finds that the three claims in this case are misjoined and shall be severed going forward.

### ORDER

For the reasons stated above, the Court hereby

GRANTS MFA's motion to join Dr. Salem and GWU's Motion to Sever and/or for Separate Trials [# 26]; and

GRANTS defendants' Motion to Sever and/or for Separate Trials [# 20].

It is further ORDERED that

MFA's Motion for Reconsideration [# 38] is DENIED;

GWU's and Dr. Salem's Motion to Join MFA's Motion for Reconsideration [# 44] is DENIED as moot;

Plaintiffs' Motion to Strike [# 56] is DENIED;

Outstanding Motions to Amend the Scheduling Order [# 40, 47] are DENIED as moot; and

All parties shall appear for a status conference on February 9, 2004 at 4:00.

SO ORDERED.